[Civil No. 4216. Filed April 22, 1940.]

[101 Pac. (2d) 461.]

MINERS & MERCHANTS BANK, a Corporation, Appellant, v. BOARD OF SUPERVISORS OF COCHISE COUNTY, STATE OF ARIZONA; and P. P. PAGE, JOHN WOOD and S. P. LEWIS, as Members of Said Board; and OAKLEY LUCAS, as County Treasurer and Ex-Officio Tax Collector of Said County; and JAMES L. POWELL, as County Assessor of Said County, and as Agent of the Motor Vehicle Division of the Arizona State Highway Department, Appellees.

Messrs. Sutter, Gentry & Sutter, for Appellant.

Mr. Joe Conway, Attorney General, Mr. W. E. Polley, Assistant Attorney General, Messrs. Snell & Strouss, of Counsel, and Mr. Frank E. Thomas, County Attorney of Cochise County, for Appellees.

LOCKWOOD, J.—Miners & Merchants Bank, a corporation, hereinafter called plaintiff, filed a petition in the superior court of Cochise county for a writ of *mandamus* against the board of supervisors, tax collector and assessor of that county, hereinafter called defendants, asking that they be required to assess, impose and collect an *ad valorem* tax for the fiscal year 1939–40 upon motor vehicles in Cochise county. The petition set up in substance the various provisions of the general statutes requiring the assessment and collection of *ad valorem* taxes on real and personal property, and alleged that defendants have failed to comply with these statutes so far as motor vehicles are concerned, and have declared they intend to continue to refuse to assess or collect any taxes upon any motor vehicles, except the tax provided by chapter 47 of the regular Session Laws of 1939. Plaintiff then

alleged that said chapter 47, *supra,* is unconstitutional for many reasons, and prayed for judgment in accord with its petition.

Defendants demurred to the petition on the ground that it did not state a cause of action, and the demurrer being sustained, judgment was rendered in their favor, whereupon this appeal was taken.

The precise question involved is whether by reason of chapter 47, *supra,* the taxing authorities of Cochise county are relieved of the duty of levying and collecting upon any motor vehicles the general *ad valorem* property tax applying to all other forms of tangible real and personal property within the jurisdiction of the taxing unit. If they were so relieved, the court properly rendered judgment in their favor. If, on the other hand, chapter 47, *supra,* does not have that effect, the demurrer should have been overruled and the writ of *mandamus* issued.

██ We, therefore, consider the chapter and its terms. In so doing we should keep before us two principles, (a) the provisions of the Constitution prevail over any legislative action, and (b) what the legislature is prohibited from doing directly it may not do indirectly. *State* v. *Yuma Irr. Dist., ante,* p. 178, 99 Pac. (2d) 704. As was said by the Supreme Court of the United States in *Minnesota Tea Co.* v. *Helvering,* 302 U. S. 609, 613, 58 Sup. Ct. 393, 395, 82 L. Ed. 474,

"A given result at the end of a straight path is not made a different result because reached by following a devious path."

Chapter 47, *supra,* is somewhat lengthy, and we think it sufficient to summarize its legal effect rather than to quote it in full. This effect, so far as material to the present case, may be stated as follows: Motor vehicles shall pay a "vehicle privilege license tax" levied

and assessed in the manner set forth in the chapter. This tax is annual and non-cumulative and is payable only if, as, and when the motor vehicle is registered for operation upon the public highways and is proportioned to the fraction of the registration year remaining thereafter. So long as the vehicle is not so registered, the tax is not due nor payable. In a separate clause the tax described is said to be in lieu of all *ad valorem* property taxes upon motor vehicles *subject thereto,* and it is also stated that if any one provision of the chapter be held invalid, such invalidity shall not affect other provisions which can be given effect without the invalid one.

It is very apparent that the legislature, in chapter 47, *supra,* endeavored to avoid the features of chapter 66 of the regular session of 1937, which we determined in the case of *Powell* v. *Gleason,* 50 Ariz. 542, 74 Pac. (2d) 47, 114 A. L. R. 838, rendered the last-named chapter unconstitutional. We held the tax levied by chapter 66, *supra,* to be an *ad valorem* and not an excise tax, and that as such it violated the constitutional rule in regard to the classification of property for *ad valorem* taxation, in that the provisions that no *ad valorem* property tax need be paid until and unless the motor vehicle was registered, and that the amount of the tax was proportioned to the number of months in the calendar year for which the car was used after registration, were arbitrary and capricious in their nature and granted either total or partial exemption from *ad valorem* property taxation.

It will be noted that chapter 47, *supra,* states that the tax in question is not an *ad valorem* tax but a "vehicle privilege license tax," and it therefore falls within the category of an excise tax. It also provides in substance that the tax levied by the chapter shall be in lieu of all *ad valorem* property taxation

"on any motor vehicle . . . *subject to said license taxes,*"

thereby inferentially, it is argued, leaving motor vehicles which have not paid the vehicle privilege license tax subject to *ad valorem* taxation in the usual manner.

Sections 1 and 2 of article IX of the Constitution of Arizona read, respectively, as follows:

"The power of taxation shall never be surrendered, suspended, or contracted away. All taxes shall be uniform upon the same class of property within the territorial limits of the authority levying the tax, and shall be levied and collected for public purposes only."

"That there shall be exempt from taxation all Federal, State, county and municipal property. [also describing other specific property exempt.] All property in the State not exempt under the laws of the United States or under this constitution, or exempt by law under the provisions of this section shall be subject to taxation to be ascertained as provided by law. This section shall be self-executing."

 Motor vehicles, except when they are owned by certain specified persons or institutions, are not included in the list of property said by the Constitution to be exempt from taxation. These sections and others of similar character in other jurisdictions have been held repeatedly to apply to *ad valorem* property taxes, and not to the various forms of excise taxation. *Gila Meat Co.* v. *State,* 35 Ariz. 194, 276 Pac. 1; *Morris* v. *State,* 40 Ariz. 32, 9 Pac. (2d) 404. That the tax set up by chapter 47, *supra,* is not an *ad valorem* tax is admitted.

 The legislature has full power to impose as many excise taxes *in addition* to the *ad valorem* tax as it sees fit. Sec. 12, art. IX, Const. Ariz. But it may not exempt from *ad valorem* taxation any given class of property not specifically exempted by the Con-

stitution. Secs. 1 and 2, art. IX, *supra*. But it is said the legislature may substitute an excise tax for an *ad valorem* tax without violating the constitutional prohibition, and it is urged that in *Pacific Fruit Express Co.* v. *Yuma*, 32 Ariz. 601, 261 Pac. 49, and *State Tax Com.* v. *Shattuck*, 44 Ariz. 379, 38 Pac. (2d) 631, we have so held. In these cases there was no question of substituting an excise tax for an *ad valorem* tax, nor of relieving any class of property from the latter. They merely held that under the particular circumstances of the cases the method of assessing and collecting the *ad valorem* tax and the rate of taxation might be changed, and the proceeds used in a different manner. Had the chapter under consideration provided that the tax set forth therein was an *ad valorem* tax which should be assessed and collected on all motor vehicles at the same rate, regardless of whether they were in use or not, a situation similar to that in the cases cited would have been presented.

Counsel for defendants have cited to us many cases from other jurisdictions which they say authorize the substitution of an excise tax for the *ad valorem* tax. We have carefully examined and considered each and all of these cases, and also examined the constitutional provisions of the different states from which they are taken. The cases of *State* v. *Wetz*, 40 N. D. 299, 168 N. W. 835, 5 A. L. R. 731; *Jasnowski* v. *Dilworth*, 191 Mich. 287, 157 N. W. 891; *Minneapolis* v. *Armson*, 188 Minn. 167, 246 N. W. 660; *People* v. *Illinois Central R. Co.*, 273 Ill. 220, 112 N. E. 700; *Northwestern Mut. L. Co.* v. *State*, 163 Wis. 484, 155 N. W. 609, 158 N. W. 328; *Kootenai County* v. *Seven-Seven Co.*, 32 Idaho 301, 182 Pac. 529; *Covey Motor Car Co.* v. *Hurlburt*, 104 Or. 414, 207 Pac. 166, all come from states which have constitutional provisions that clearly authorize the legislature to make exemptions from an

*ad valorem* property tax under the circumstances involved. If it may exempt the property entirely, obviously it may do so on the condition of the payment of an excise tax, and a reading of the cases will show that they are in reality, though not always in express terms, based on the constitutional provisions of the particular state.

In the cases of *Bankers' Life Co.* v. *Chorn,* (Mo. Sup.) 186 S. W. 681, and *Queen City Fire Ins. Co.* v. *Basford,* 27 S. D. 164, 130 N. W. 44, the court held that the excise tax levied did not exempt the tangible property of the corporation from the general *ad valorem* property tax, but was additional thereto, and in the latter case that any other conclusion would have made the act unconstitutional in view of the clause of the South Dakota Constitution forbidding any legislative tax exemption not given by the Constitution, a provision in effect like ours.

In the case of *Raydure* v. *Board of Supervisors of Estill County,* 183 Ky. 84, 209 S. W. 19, followed by *Associated Producers' Co.* v. *Board of Supervisors of Estill County,* 202 Ky. 538, 260 S. W. 335, and *Swiss Oil Corp.* v. *Shanks,* 208 Ky. 64, 270 S. W. 478, the court explicitly said that the imposition of an excise or license tax could not be substituted for the *ad valorem* property tax without making the excise tax unconstitutional.

The Raydure case, *supra,* is particularly in point because the Kentucky Constitution originally said:

"Taxes shall be levied and collected for public purposes only. They shall be uniform upon all property subject to taxation within the territorial limits of the authority levying the tax; and all taxes shall be levied and collected by general laws."

The court, in the case of *Levi* v. *Louisville,* 97 Ky. 394, 30 S. W. 973, 28 L. R. A. 480, held that under that

provision no authority existed permitting the substitution of an excise tax on property for the *ad valorem* tax. The Constitution was later amended to read as follows:

"§ 171. Classified property tax. The general assembly shall provide by law an annual tax, which, with other resources, shall be sufficient to defray the estimated expenses of the Commonwealth for each fiscal year. Taxes shall be levied and collected for public purposes only and shall be uniform upon all property of the same class subject to taxation within the territorial limits of the authority levying the tax; and all taxes shall be levied and collected by general laws."

and another attempt was made to substitute. The court held that while the legislature was now allowed to classify tangible property for taxation, the tax that was imposed under the amended constitutional provision must be an *ad valorem* property tax, and that neither the rule of uniformity nor the nature of the tax was changed in any way by the amendment.

It will be noted that our constitutional provision in regard to the classification of property for taxation is in substance very much like the amended Kentucky provision.

The only case cited to us which holds to the contrary, under a Constitution which limits the power of the legislature to grant exemptions in a manner somewhat similar to ours is that of *In re Gross Production Tax of Wolverine Oil Co.*, 53 Okl. 24, 154 Pac. 362, 366, L. R. A. 1916F 141. Therein the court did say specifically in regard to a statute which provided for the payment of a gross production tax in lieu of any other tax that might be levied and collected on certain property on an *ad valorem* basis:

" . . . This is not an exemption from taxation within the meaning of the constitutional inhibitions,

but a substitution of one form of taxation for another upon the terms and conditions named. . . . ''

The court, however, in discussing the reasons for the rule stated based it upon the constitutional power of the legislature to classify objects of taxation, reaching a conclusion diametrically opposed to that reached by the Kentucky court in the Raydure case, *supra*.

■ We are of the opinion that the reasoning of the Kentucky cases is more persuasive than that of the Oklahoma case, and, therefore, hold that the power of classification for the purpose of taxation given by section 1 of article IX of our Constitution, *supra,* is limited to a property tax, and that an excise tax may not be substituted for the *ad valorem* tax under any circumstances.

■ Even assuming however, without admitting, that such a substitution, if reasonable, might be made, we think the one provided by chapter 47, *supra,* is unreasonable. All of the cases which permit an excise tax to be substituted for an *ad valorem* tax do so on the theory that it, in substance, represents the *ad valorem* tax and that it is equal and uniform upon the property within the class. The substituted tax in this case does not possess that quality. Two automobiles may be equal in all respects and yet one pay one-twelfth the tax which the other pays. If the tax in question were solely a tax for the use of the highways and standing on its own basis as such, it could be argued that this would be reasonable, but when the tax, though in form a use tax, is in reality meant as a *substitute for the property tax,* we think such a classification is arbitrary and unreasonable in the highest degree.

■■ Since that part of chapter 47, *supra,* declaring that the tax levied thereby shall be a substitute for the *ad valorem* tax, is unconstitutional, is it so in-

terwoven with the balance of the act that all must fall, or is it separable so that the tax levied remains as a valid excise tax, additional to the *ad valorem* tax? It is, of course, within the power of the legislature to make such a levy, but we are satisfied from the language and history of the act that it never so intended. We have held repeatedly that the intent of the legislature is the controlling factor in determining the meaning of any law. Since it is apparent that it did not intend to levy an additional excise tax, and since chapter 47, *supra,* can only be effective as such a tax, we are of the opinion that the whole chapter falls as unconstitutional.

This court can only determine cases after they are prepared by the parties for submission to it. The case was not so prepared until March 25, 1940. Chapter 47, *supra,* was an emergency one, taking effect March 9, 1939. No questions of fact are involved. It would have been well if the parties could have expedited the progress of the suit so that a decision might have been had in this court before January 1, 1940, and the confusion caused by the delay avoided.

The judgment of the superior court of Cochise county is reversed and the case remanded for proceedings in accordance with this opinion.

ROSS, C. J., and McALISTER, J., concur.