[Civil No. 4558.   Filed January 25, 1943.]

[133 Pac. (2d) 759.]

J. A. RIGGINS, JR., Appellant, v. COUNTY OF MARICOPA, a Body Politic and Municipal Corporation; JIM BRUSH, as County Assessor of the County of Maricopa, State of Arizona; and ED OGLESBY, as County Treasurer of the County of Maricopa, State of Arizona, Appellees.

Messrs. Jennings & Salmon and Messrs. Beer & Christy, for Appellant.

Mr. Richard F. Harless, County Attorney, and Mr. Leslie C. Hardy, Deputy County Attorney, for Appellees.

ROSS, J.—By this action J. A. Riggins, Jr., seeks to recover from the County of Maricopa, Jim Brush, County Assessor, and Ed Oglesby, County Treasurer, the "vehicle privilege license tax" paid by his assignors under the provisions of Chapter 47, Session Laws of 1939, before such chapter was held to be unconstitu-

tional by the Supreme Court in its opinion in *Miners & Merchants Bank* v. *Board of Supervisors, etc.,* 55 Ariz. 357, 101 Pac. (2d) 461.

The assignors, it appears, were owners of motor vehicles, trailers or semi-trailers operated in interstate commerce, and for such privilege the vehicle superintendent assessed them proportionately the number of miles traveled in this state to their total mileage under said Chapter 47, § 5, adding Rev. Code 1928, section 1635e, 2(b). By such section it was required that the tax be paid to the county assessor of the county in which the carrier's principal office is located or its statutory agent resides, and by section 1635g, as added by § 7, it was required that the tax be transmitted "to the state treasurer, through the state auditor, for the credit of the general fund."

The trial court denied plaintiff any relief and dismissed his complaint. From such judgment he has appealed. He bases his right to recover upon the court's decision in *County of Maricopa* v. *Hodgin,* 46 Ariz. 247, 50 Pac. (2d) 15, 101 A. L. R. 793. In the Hodgin case we held that a tax unit, such as a county or one of its officers, that has collected a tax on property exempt under the constitution, is a proper party defendant in an action to recover such tax, even though it may have been collected for different tax units and distributed to them.

Here, while it was the duty of the county assessor to receive the tax, it was his duty to remit it to the state treasurer. The county and its officers had no control or right of control of the tax sued for. Such fund is now, and all the time has been, in the possession of the state treasurer. The fund did not belong to the county or county assessor or any other county officer and they had no power over its use or disposition.

Plaintiff argues in his brief that having paid such tax he may maintain this action to recover it under sec-

tion 73–841, Arizona Code 1939. Granting that such section was intended to extend to a license tax such as here involved, the action to recover it would have to be against the legal custodian of the tax, the state treasurer.

The judgment of the lower court is affirmed.

McALISTER, C. J., and STANFORD, J., concur.