CITY OF BUFFALO v. GOODMAN.

(Supreme Court, Special Term, Erie County. July, 1912.)

1. LICENSES (§ 14*)—VEHICLE LICENSE.
Where a municipal ordinance imposes a license on all vehicles used in connection with any business in the city, the possession of a general business license constitutes no defense to a prosecution for failure to obtain a vehicle license.
[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 25–29; Dec. Dig. § 14.*]

2. LICENSES (§ 14*)—SUBJECTS OF LICENSES—VEHICLES.
Where separate license taxes are imposed on vehicles used generally and those used in certain occupations, a person who uses vehicles in one of those occupations must pay both taxes.
[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 25–29; Dec. Dig. § 14.*]

3. MUNICIPAL CORPORATIONS (§ 122*)—VALIDITY OF ORDINANCES—PRESUMPTION AND BURDEN OF PROOF.
The presumption is that an ordinance is reasonable, and the burden of proving the contrary rests upon one asserting its unreasonableness.
[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 281–289; Dec. Dig. § 122.*]

4. LICENSES (§ 7*)—VEHICLES—REVENUE AS DISTINCT FROM REGULATION—REASONABLENESS.
Under the charter of the city of Buffalo, authorizing licenses regulating peddlers, and also providing for ordinances levying a tax upon vehicles, a license fee of $75 upon a one-horse vehicle used by a huckster in his business, with a view to revenue rather than regulation by means of licenses, without evidence of unreasonableness other than the fact of the amount is not unreasonable.
[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 7–15, 19; Dec. Dig. § 7.*]

Appeal from City Court of Buffalo.

David Goodman appeals from a judgment of the City Court of the City of Buffalo in favor of the city for the amount of penalty provided by an ordinance upon a huckster's failure to pay the sum of $75, the tax imposed for the use of a one-horse vehicle in his business as huckster. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Vernon Cole, for appellant.

Edward M. Regan, for respondent.

BROWN, J. The tax of $75 as a license fee for a one-horse vehicle, when used in the business of a huckster within the city of Buffalo, is not a discrimination. It applies to all one-horse vehicles when so used. It is a license fee exacted for the privilege of doing business upon the streets of the city in which business a one-horse vehicle is used.

[1, 2] Where a municipal ordinance imposes a license on all vehicles used in connection with any business in the city, the possession of a general business license constitutes no defense to a prosecution for failure to obtain a vehicle license. Macon v. Macon, 96 Ga. 23, 23 S. E. 120. Where separate license taxes are imposed on vehicles used generally in the city and those used in certain occupations, a person who uses vehicles in pursuit of one of the occupations named must pay both taxes. St. Louis v. Weitzel, 130 Mo. 600, 31 S. W. 1045.

The statute having authorized the imposition of a license fee for carrying on the business of a huckster, the power to grade the licenses and fix the fee according to the manner of doing the business, the capital employed, the vehicles used, and the extent of the business necessarily follows. The only restriction or limitation in the use of the power as applied to the license fee in question is that it must be reasonable. The single question presented is whether the fee of $75 prescribed is a reasonable one. With no evidence that it is unreasonable, except the bare fact that the fee is $75, it is impossible to say that the defendant proved before the trial court that the fee was unreasonable.

[3] The presumption is that the ordinance was a reasonable one. The burden of proving the contrary rested upon the defendant. Mayor v. D. D. E. B. & B. R. R., 133 N. Y. 104, 30 N. E. 563, 28 Am. St. Rep. 609; Buffalo v. Stevenson, 145 App. Div. 121, 129 N. Y. Supp. 125. A license fee of $35 for six months and $15 for a helper, $2.50 a day, $15 a year, $30 a year, $5 a week, $125 a year, $100 a year, have been held to be reasonable. A license fee of $50 a year, $10 a day, $2 a month, $25 a day, $250 a month, $10 a day traveling on foot, $20 traveling with one horse, have been held to be unreasonable. 21 Cyc. 366.

[4] If the right to impose a fee of $75 was to be regarded as being founded upon the power to regulate huckstering and fix a license fee therefor, such sum could be subject to criticism as excessive, for the power to license carries with it the power to establish a reasonable fee for the license, the labor attending its issue and the inspection of the business licensed. But the statute authorizing the adoption of ordinances relative to vehicles, etc., not only provides for licenses regulating peddlers, but also provides that ordinances may be adopted levying a tax upon wagons. Subdivision 6 of section 17 of the City Charter. Under this power to tax wagons, the city by ordinance has established a mode of taxation upon wagons used in the huckstering business with a view of revenue, as distinguished from mere regula-

tion by means of a license. Regarding the fee as a tax for purposes of revenue, as laid upon all wagons used in the huckstering business, based upon the express statutory authority to tax, it cannot be said that the mere amount of the tax establishes that it is unnecessary, and hence unreasonable.

It has been said that, where a municipal corporation has the power to tax for revenue, the amount of the tax rests in the discretion of the municipal authorities (21 A. & E. Ency. 807), and that a peddler's tax may be scaled according to the manner in which goods are carried, whether by wagon or otherwise (Id. 809).

Judgment affirmed.