[Civil No. 4392.   Filed June 9, 1941.]

[113 Pac. (2d) 932.]

B. H. McAHREN, Superintendent of Motor Vehicles of the State of Arizona; and J. D. BRUSH, County Assessor of Maricopa County, Arizona, and *Ex-Officio* Deputy Superintendent of Motor Vehicles of the State of Arizona, Appellants, v. FRED B. BRADSHAW, Appellee.

Mr. Joe Conway, Attorney General, Mr. A. R. Lynch, Assistant Attorney General, Mr. Richard F. Harless, County Attorney, Mr. Leslie C. Hardy and Mr.

Charles B. McAlister, Deputy County Attorneys, for Appellants.

Mr. Ralph H. Walker, Mr. Rex Stewart and Mr. Jay Sigworth, for Appellee.

LOCKWOOD, C. J.—This is an action in *mandamus* by Fred Bradshaw, plaintiff, against B. H. McAhren, superintendent of motor vehicles of the State of Arizona, and J. D. Brush, county assessor of Maricopa County, Arizona, and *ex-officio* deputy superintendent of motor vehicles of the State of Arizona, defendants, asking that they be compelled to register an automobile belonging to plaintiff upon the payment of the $3.50 registration fee fixed by law, without the payment of any additional tax upon the automobile. The case was presented to the superior court which rendered judgment in favor of plaintiff, and from it this appeal was taken.

The sole question for our consideration is the construction of section 11 of article IX of the Constitution of Arizona as amended by the vote of the people of Arizona at the general election held in November, 1940. The article, as amended, reads as follows:

"The manner, method and mode of assessing, equalizing and levying taxes in the State of Arizona shall be such as is prescribed by law.

"Beginning January 1, 1941, a license tax is hereby imposed on vehicles registered for operation upon the highways in Arizona, which license tax shall be in lieu of all *ad valorem* property taxes on any vehicle subject to such license tax. Such license tax shall be collected annually by the registering officer at the time of application for and before registration of the vehicle each year and shall be (a) at a rate equal to the average *ad valorem* rate for all purposes in the several taxing districts of the state for the preceding year, but in no event to exceed a rate of four dollars on each one hundred dollars in value, and (b) during the first calendar

year of the life of the vehicle upon a value equal to sixty per cent of the manufacturer's list price of such vehicle, and during each succeeding calendar year upon a value twenty-five per cent less than the value for the preceding calendar year.

"In the event application is made after the beginning of the registration year for registration of a vehicle not previously registered in the state, the license tax for such year on such vehicle shall be reduced by one-twelfth for each full month of the registration year already expired.

"The legislature shall provide for the distribution of the proceeds from such license tax to the state, counties, school districts, cities and towns."

Plaintiff performed services in the military establishment of the United States and is, therefore, entitled to an exemption from *ad valorem* property taxes granted to him by section 2, article IX of the Constitution of Arizona, which reads as follows:

"(Tax exemption.)—That there shall be exempt from taxation all federal, state, county and municipal property. Property of educational, charitable and religious association or institutions not used or held for profit may be exempt from taxation by law. Public debts, as evidenced by the bonds of Arizona, its counties, municipalities, or other subdivisions, shall also be exempt from taxation. There shall be further exempt from taxation the property of widows, honorably discharged soldiers, sailors, United States marines, members of revenue marine service, and army nurses, residents of this state, not exceeding the amount of two thousand dollars, where the total assessment of such widow and such other persons named herein does not exceed five thousand dollars; provided, that no such exemption shall be made for such persons other than widows unless they shall have served at least sixty days in the military or naval service of the United States during time of war, and shall have been residents of this state prior to January 1, 1927. All property in the state not exempt under the laws of the United States or under this constitution, or exempt by law under the provisions of this section shall be sub-

ject to taxation to be ascertained as provided by law. This section shall be self-executing.''

The issue turns upon whether the tax set forth in section 11, *supra,* is an *ad valorem* property tax or an excise or license tax. If it is the former, it is admitted that the judgment of the superior court was correct. If it is the latter, the judgment must be reversed. We, therefore, consider that issue alone.

In order to clarify the situation, we review briefly the history of certain attempted legislation applying to the taxation of automobiles. In 1937 the legislature of Arizona adopted chapter 66 of its regular session. Thereby it changed the method of taxation of automobiles. We do not set forth the law in full, but the vital points thereof read as follows:

''1635a. In addition to the fees provided by chapter 31, Revised Code of 1928, and amendments thereto, every owner of a motor vehicle, trailer or semi-trailer operated upon the highways of this state, if such vehicle be subject to a registration fee, shall pay annually to the county assessor, at the time of the application for registration, a tax on such motor vehicle. . . .

''1635d. For the purpose of *ad valorem* taxation, motor vehicles shall be deemed to constitute a class separate and distinct from other tangible personal property or classes thereof. The tax herein imposed shall be in lieu of all other taxes on any such motor vehicle as tangible personal property but shall not be deemed to affect any excise tax or tax based upon factors other than the value thereof. The tax on any motor vehicle shall never be charged against nor deemed to constitute a lien on the real property of the owner thereof.''

The validity of the tax came before us, and we held, in substance, that it was an attempt to establish a special classification of certain property for the purpose of the *ad valorem* property tax and was unconstitutional for the reason that it attempted to exempt cer-

tain automobiles from any *ad valorem* property tax, while imposing it on others, and was, therefore, a violation of section 2 of article IX, *supra,* which prohibits the exemption of any property from *ad valorem* taxation except as set forth in said section 2. *Powell* v. *Gleason,* 50 Ariz. 542, 74 Pac. (2d) 47, 114 A. L. R. 838.

The fourteenth legislature then adopted chapter 47 of its regular session in 1939. Recognizing our decision in *Powell* v. *Gleason, supra,* that the tax levied by chapter 66, *supra,* was an *ad valorem* tax, it declared that the tax established by chapter 47 was not an *ad valorem* but a vehicle privilege license tax, and then provided that such tax should be a substitute for the *ad valorem* tax. We held, in the case of *Miners & Merchants Bank* v. *Board of Supervisors,* 55 Ariz. 357, 101 Pac. (2d) 461, that the tax thereby imposed was an excise and not an *ad valorem* tax, and might be imposed by the legislature if it so desired, in addition to the regular *ad valorem* tax, but that it could not be made a substitute for the *ad valorem* tax under section 2, article IX, *supra,* and that the part exempting certain automobiles from the *ad valorem* tax was so interwoven with the balance of the law that the whole chapter fell as unconstitutional.

The proponents of this type of taxation, recognizing by these two decisions of the court that the legislature was powerless to accomplish the result which they desired to reach, decided to submit the question to the paramount legislative power of the state—the people, acting through an amendment to their constitution, and the amendment to section 11 of article IX, *supra,* was so submitted and approved by the people.

There can be no question that the people of a state may adopt any method of taxation which they desire so long as it is not in conflict with the Federal Constitution. They may impose taxes on one class of

citizens and exempt others. They may subject one class of property to taxation but exclude others from the same tax. They may provide for the levy of an *ad valorem* tax on one class of property and that no such tax shall be levied on another class. The only restriction of the Federal Constitution on such state action is that the classification made by the state must not be so arbitrary and unreasonable as to deny to citizens the equal protection of the laws. It is obvious that motor vehicles, as a whole, are property of such a special class that they may well be treated for taxation in a different manner from any other property, if the people of a state so desire, without violating the Fourteenth Amendment of the Federal Constitution. Section 11, *supra,* therefore sets up a reasonable classification for the purpose of a special form of taxation. Nor is this disputed. The question is whether the tax imposed by that section is an *ad valorem* one or an excise or license tax. The people have very specifically declared in the amendment itself that it is a license, and not an *ad valorem* tax. While a legislative definition of the nature of a tax is not absolutely binding upon the courts, it is nevertheless very persuasive. *Ingels* v. *Riley,* 5 Cal. (2d) 154, 53 Pac. (2d) 939, 103 A. L. R. 1, and much more would this be true of a constitutional provision. Further, when the nature of the tax is analyzed it will be found that most of its characteristics are those generally applicable to license rather than to *ad valorem* taxes. It applies only to motor vehicles if and when they are registered in the current year for use upon the public highways, leaving all others subject to the *ad valorem* tax for that year in the same manner as any other personal property. The tax is evidently imposed for the privilege of using the public highways, and not because of the ownership of the property, for it is graduated in accordance with the number of months the highway is used by the ve-

hicle. Its payment is entirely voluntary on the part of the owner of the vehicle, for if he does not apply for registration he does not have to pay it. It is not collectible by distraint or levy upon the property or by proceedings against the owner, as is the case with *ad valorem* and income taxes, but is enforceable only by a refusal to register the vehicle. In fact, the only characteristic which the tax imposed by the amendment has in common with *ad valorem* taxes is that the amount of the tax is determined by the value of the property. It is universally held, however, that license or privilege taxes imposed upon vehicles for the privilege of using the public highways may be based on or graded according to the type, size, use and horse power of the vehicles or the extent of their use upon the streets and highways. *Kentz* v. *Mobile,* 120 Ala. 623, 24 So. 952; *Terre Haute* v. *Kersey,* 159 Ind. 300, 64 N. E. 469, 95 Am. St. Rep. 298; *Huston* v. *Des Moines,* 176 Iowa 455, 156 N. W. 883; *State* v. *Bozeman Police Court,* 68 Mont. 435, 219 Pac. 810; *Buffalo* v. *Goodman,* 77 Misc. 355, 136 N. Y. Supp. 568; *Brown* v. *Galveston,* 97 Tex. 1, 75 S. W. 488; *Seattle* v. *King,* 74 Wash. 277, 133 Pac. 442.

While a determination of the amount of the license tax by the value of the automobile is not customary, yet it is not unheard of. *Ingels* v. *Riley, supra; State of Louisiana* v. *Hunt,* 182 La. 1073, 162 So. 777, 103 A. L. R. 9. And we see no reason why the people, through their constitution, may not adopt that method if they see fit.

For the foregoing reasons, we hold that the tax imposed by the constitutional amendment is a license or privilege tax for the right to use the public roads, and that the exemptions from *ad valorem* taxes given by section 2, *supra,* of the constitution do not apply thereto.

The judgment of the superior court of Maricopa County is reversed, with instructions to render judgment in favor of defendants.

McALISTER and ROSS, JJ., concur.