[Civil No. 4501. Filed November 2, 1942.]

[130 Pac. (2d) 506.]

JAMES D. BRUSH, as Agent of the Motor Vehicle Division of the Arizona State Highway Department, Appellant, v. THE STATE OF ARIZONA ex rel. Joe Conway, Appellee.

Mr. Richard F. Harless, County Attorney, Mr. Leslie C. Hardy and Mr. Charles B. McAlister, Deputies County Attorney, for Appellant.

Mr. Joe Conway, Attorney General, and Mr. W. E. Polley, Assistant Attorney General, for Appellee.

ROSS, J.—This action was brought by the State of Arizona, on the relation of its Attorney General, to secure a declaratory judgment as to whether publicly owned automobiles, registered for operation under the state's highway code, are subject to and liable for the "auto lieu" tax provided for in section 11 of Article IX of the state Constitution as amended at the November, 1940, general election.

The plaintiff takes the position it is not liable for such tax and was sustained in that position by the trial court.

The defendant Brush by virtue of his office as Assessor of Maricopa County is constituted an agent of the Motor Vehicle Division of the State Highway Department for said county, section 66–201, Arizona Code 1939, and his office is a county office of the state's Motor Vehicle Division.

When, on or about December 27, 1941, the Game and Fish Warden, K. C. Kartchner, applied to Brush for a registration card and license plates under section 66–208, Arizona Code 1939, for a state-owned Ford automobile, used and operated by such warden and his deputies in the performance of their duties (see Chapter 57, sections 57–101 to 57–146, entitled ''Fish and Game''), Brush declined to issue such registration card and plates without the payment of the auto lieu tax as provided in said section 11, Article IX of the Constitution, as amended, *supra*.

The trial court held that the state was not liable for such auto lieu tax and issued its mandate directing the defendant to issue to Kartchner a registration card and plates without charge. This appeal is from such judgment.

The decision of the controversy involves the construction of section 11, Article IX, *supra,* a part of which reads as follows:

''§ 11. . . .

''Beginning January 1, 1941, a license tax is hereby imposed on vehicles registered for operation upon the highways in Arizona, which license tax shall be in lieu of all ad valorem property taxes on any vehicle subject to such license tax. . . .'' Laws of 1941, page 402.

The ''license tax'' here provided for is a lieu tax. Instead of the *ad valorem* tax theretofore ''imposed on vehicles registered for operation upon the highways

in Arizona,'' this license tax is substituted. If, when this amendment to the constitution became effective, publicly owned motor vehicles were subject to taxation on their *ad valorem* value, then this license tax provided for in the amendment is substituted for such tax. If publicly owned vehicles were not theretofore taxable, they are not now taxable.

Section 2 of Article IX of the state Constitution, on January 1, 1941, and for a long time prior thereto, provided:

''That there shall be exempt from taxation all federal, state, county and municipal property. . . .''

The status of such property was not changed or affected by the amendment. If such property was not taxable under the Constitution before January 1, 1941, it did not become taxable by virtue of the amendment, since its purport is to provide for a license on property that had theretofore been subject to an *ad valorem* tax.

The automobile in this case, it is admitted, was public property of the state and as such under the law exempt from the payment of registration fees required of private owners. Section 66–235. Likewise, under the terms of the constitutional amendment involved, it is not subject to the tax provided for therein, being publicly owned.

The constitutional exemption of federal, state, county and municipal property as contained in section 2, Article IX of that instrument is not affected by the amended section 11 thereof.

The judgment of the lower court is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.