[Civil No. 4684. Filed February 24, 1945.]

[156 Pac. (2d) 720.]

GEORGE C. LEBECK, Doing Business as Los Angeles-Albuquerque Express, Appellant, v. STATE OF ARIZONA, a Sovereign State; COUNTY OF MARICOPA, a Body Politic and a Municipal Corporation; TOM BOWLES, as County Assessor of the County of Maricopa, State of Arizona; W. H. LINVILLE, as County Treasurer of Maricopa County, State of Arizona; and J. D. BRUSH, as State Treasurer of the State of Arizona, Appellees.

Messrs. Jennings & Salmon; Messrs. Beer & Christy; Mr. Hess Seaman, for Appellant.

Mr. Joe Conway, Attorney General, and Mr. A. R. Lynch, Assistant Attorney General, for Appellee State of Arizona.

Mr. James A. Walsh, County Attorney, and Mr. Louis B. Whitney, for Appellee Maricopa County.

HALL, Superior Judge.—This action was brought by the plaintiff, George C. Lebeck, doing business as Los Angeles-Albuquerque Express, against the State of Arizona, County of Maricopa, Tom Bowles as Maricopa County Assessor, W. H. Linville as Maricopa County Treasurer, and J. D. Brush as State Treasurer, defendants, seeking the recovery of $669.60, which plaintiff paid under protest to the defendant Tom Bowles as County Assessor of Maricopa County.

The plaintiff alleges in his complaint that he is a resident of the State of California and at all times subsequent to January 1, 1943, was the owner of certain motor vehicles and was engaged in the business of transporting property by said motor vehicles exclusively in interstate commerce through the State of Arizona under the name of Los Angeles-Albuquerque Express; that said vehicles from time to time subsequent to said first day of January, 1943, and in the regular course of business, passed through and across the State of Arizona. Plaintiff further alleges that under the law of Arizona certain fees and taxes are required to be paid before such motor vehicles may be registered and operated upon the highways of the state; that plaintiff made proper application for said registration and tendered the said defendant Tom Bowles, as Maricopa County Assessor, the full amount of said fees and taxes required by law for the issuance

of said registration; that said assessor refused to register or renew the registration of plaintiff's said motor vehicles except upon condition that plaintiff pay a tax on same under the provision of section 11, Article 9 of the State Constitution, as amended by the November 1940 election, to which we shall hereinafter refer to as the amendment; that plaintiff refused to pay any tax purported or claimed to be imposed by said amendment, and that plaintiff paid under protest to the said county assessor the sum of $669.60, the amount claimed under and by virtue of said amendment.

The defendants filed a motion to dismiss said complaint on the ground that the collection of said tax was lawful and therefore plaintiff's complaint did not state a claim against the defendants or any of them upon which relief could be granted. The lower court granted the motion to dismiss the complaint and plaintiff elected to stand thereon, and the court entered judgment against the plaintiff and in favor of the defendants, and from the judgment so entered plaintiff appeals.

Said section 11, Article 9, of the Constitution, as amended, so far as material herein, reads:

"Beginning January 1, 1941, a license tax is hereby imposed on vehicles registered for operation upon the highways in Arizona, which license tax shall be in lieu of all *ad valorem* property taxes on any vehicle subject to such license tax. Such license tax shall be collected annually by the registering officer at the time of application for and before registration of the vehicle each year . . . ."

The plaintiff contends that said amendment creates a tax in lieu of all *ad valorem* taxes previously charged against motor vehicles and that only such class of motor vehicles which were subject to said *ad valorem* tax prior to the enactment of the amendment are taxable under and by virtue of the amendment; and that all motor vehicles engaged exclusively in interstate com-

merce prior to the passage of said amendment, which were only temporarily in the state during the course of such commerce, were not subject to any *ad valorem* tax.

This court has considered the amendment in the cases of *McAhren* v. *Bradshaw,* 57 Ariz. 342, 113 Pac. (2d) 932, and *Brush* v. *State,* 59 Ariz. 525, 130 Pac. (2d) 506.

While plaintiff makes various contentions why he should not be required to pay the tax imposed by the amendment, we believe this case may be disposed of on the sole question of whether the amendment imposes a tax on a class of motor vehicles which were not subject to an *ad valorem* tax prior to the passage of the amendment.

■ It is unquestionably the law that motor vehicles engaged solely and exclusively in interstate commerce and only temporarily in the state during the course of such commerce are not subject to *ad valorem* taxes by such state. 61 C. J. 241, sec. 225.

■ The tax in question is a "lieu tax," which means "instead of" or "a substitute for." It is not an additional tax on motor vehicles not theretofore subject to the tax. Being a lieu tax, of necessity the basis of liability for taxation thereunder must be that the property in question was subject to an *ad valorem* tax prior to the amendment. It is wholly immaterial, therefore, whether such lieu tax is, in fact, an *ad valorem* tax or a license, excise, or privilege tax. It is a substitute tax for a pre-existing *ad valorem* property tax with the obvious purpose of fixing a formula for arriving at the value to be placed upon motor vehicles so as to have a uniform rule to guide assessment officials in fixing the value of such vehicles for taxation purposes. If it were not for the amendment motor vehicles subject to the tax would be required to be assessed at their full cash value, as in other classes

of property. We have already held in the case of *Powell* v. *Gleason,* 50 Ariz. 542, 74 Pac. (2d) 47, 114 A. L. R. 838, that a lieu tax similar to the one involved herein was in the nature of *ad valorem* tax.

The amendment was presented to the people as being a tax in lieu of all *ad valorem* property taxes on motor vehicles registered for operation upon the highways of Arizona. There is nothing in the wording of the amendment either to impose a license, excise, or privilege tax on interstate carriers, not previously paying an *ad valorem* tax, or to deprive war veterans and others entitled to exemption under the exemption laws.

We hold therefore that since the plaintiff's said motor vehicles would not have been subject to an *ad valorem* tax prior to the passage of said amendment, they are not now subject to the tax imposed under said amendment.

We affirm herein our holding in Brush v. State, *supra,* and in order to clarify the law, state that all motor vehicles not subject to the tax under and by virtue of the tax exemption laws, as well as all other motor vehicles not subject to the tax prior to the enactment of the amendment are not now subject to or included under the provisions of said amendment.

In the Brush case, *supra,* this court, in referring to the amendment, stated:

"The 'license tax' herein provided for is a lieu tax. Instead of the *ad valorem* tax therefore 'imposed on vehicles registered for operation upon the highways in Arizona,' this license tax is substituted. If, when this amendment to the constitution became effective, publicly owned motor vehicles were subject to taxation on their *ad valorem* value, then this license tax provided for in the amendment is substituted for such tax. If publicly owned vehicles were not theretofore taxable, they are not now taxable.

"Section 2 of Article IX of the state Constitution, on January 1, 1941, and for a long time prior thereto, provided: 'That there shall be exempt from taxation

all federal, state, county and municipal property. . . .'

"The status of such property was not changed or affected by the amendment. *If such property was not taxable under the constitution before January 1, 1941, it did not become taxable by virtue of the amendment, since its purport is to provide for a license on property that had theretofore been subject to an ad valorem tax.*" (Italics ours.)

In view of our holding herein, we must by necessity reverse our ruling in the case of McAhren v. Bradshaw, *supra*. The issue presented herein was not presented to this court in the McAhren case. Therein we said [57 Ariz. 342, 113 Pac. (2d) 933]:

"The issue turns upon whether the tax set forth in section 11, *supra* (referring to the amendment), is an *ad valorem* property tax or an excise or license tax. If it is the former, it is admitted that the judgment of the superior court was correct. If it is the latter, the judgment must be reversed. *We, therefore, consider that issue alone.*" (Italics ours.) In the Brush case, *supra*, this court considered the meaning of the term, "lieu tax."

██ Plaintiff pursued the proper remedy by paying the tax under protest and then suing for the recovery thereof. *Valley National Bank* v. *Apache County*, 57 Ariz. 459, 114 Pac. (2d) 883; *Powell* v. *Gleason, supra*.

The case is accordingly remanded to the Maricopa County Superior Court with directions that the order striking the complaint be set aside and the complaint be reinstated for further proceedings thereon in accordance with law and this opinion.

STANFORD, C. J., and MORGAN, J., concur.

NOTE: Due to Judge LaPRADE having disqualified himself, Honorable Wm. G. HALL of the Superior Court of Pima County was called to sit in his stead.