## PACIFIC INTERMOUNTAIN EXPRESS CO.
## v. STATE TAX COMMISSION.

No. 6842.   Decided August 6, 1945.   (161 P. 2d 359.)

See 42 C. J., Motor Vehicles, sec. 83.

*Richards & Bird,* of Salt Lake City (*A. S. Glikbarg,* of San Francisco, Cal., of counsel), for appellant.

*Wayne L. Christoffersen* and *W. Lee Skanchy,* both of Salt Lake City, for respondent.

WADE, Justice.

Appellant, Pacific Intermountain Express Company, brings this action to obtain a declaratory judgment declaring it to be immune from payment of the registration fee for the use of certain truck-tractors and semitrailers which it has leased from the Defense Corporation of the United States. The District Court sustained respondent's demurrer to the complaint on the grounds that it failed to state facts sufficient to constitute a cause for action. Upon appellant electing to stand on his complaint, judgment of dismissal was entered and this appeal is taken therefrom.

The complaint alleges among other things that on April 19, 1945, the Defense Corporation, by a written lease, a copy of which is attached to the complaint, leased to appellant certain truck-tractors and semitrailers for use by appellant on the highway subject to certain control of the Defense Corporation and mainly for the transportation of military supplies for ultimate use by the government. The lease provides that title to the equipment is vested in the Defense Corporation; that upon the expiration or termination of the lease appellant has an option to purchase all but not part of this equipment at a price basis therein specified or all or any part thereof upon such terms as the

parties thereto shall agree upon; that the Defense Corporation reserves the right to cancel the contract and thereby defeat the appellant's option upon the happening of any one of many contingencies therein specified, one of which was that the Office of Defense Transportation shall request the Defense Corporation to sell or lease the equipment or any number of items thereof to another operator whose use of equipment is more essential to the successful prosecution of the war than the use by the lessee.

Appellant urges that under this lease these truck-tractors and semitrailers are owned by the United States Government and therefore under Section 57-3a-138, U. C. A. 1943, appellant is immune from paying the registration fee. The part of that section which has a bearing on our problem provides:

"(a) No fees shall be charged for the registration of * * * trucks owned by the United States government, * * * but all such vehicles shall be registered and given a number, * * *."

Respondent does not seriously claim that ownership by the Defense Corporation is not ownership by the United States Government under the above statute nor that these truck-tractors and semitrailers are not "trucks" under the meaning of that term as used in the above statute. Much is said in the briefs to the effect that this is an excise tax for the right to use vehicles on the highway and not a property tax against the trucks, but it is not apparent what bearing that question has on the interpretation of this statute. The statute does not limit the immunity to cases where the fee will be paid nor where the vehicles are being used by the United States Government. So the question here to be determined is: Are these trucks "owned" by the United States Government under the meaning of this term as used in this statute?

If the term "owned" is to be given its ordinary meaning, then these trucks are clearly owned by the United States Government. The Defense Corporation has the legal title, the right to control the use thereof, and may cancel the

lease and take possession and lease or sell to another, without any failure on the part of appellant to perform the terms and conditions of the lease agreement. Thus the United States is the real owner of both the legal and equitable title and unless the term "owned" as used in this statute signifies something different than its ordinary meaning the appellant is immune from paying the registration fee. Respondent contends that the appellant is the owner of these vehicles as that term is defined in Section 57-3a-1, U. C. A. 1943, and therefore these vehicles are not owned by the United States Government. The material parts of that definition are as follows:

"(u) 'Owner.' *A person who holds the legal title of a vehicle or in the event a vehicle is the subject of an agreement for the* conditional sale or *lease thereof with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the* conditional vendee or *lessee * * * then such* conditional vendee or *lessee * * * shall be deemed the owner for the purpose of this act.* (The italicized words deal directly with our problem. To avoid confusion they should be read separately.)

Under the express terms of this statute the United States Government is the owner of these trucks. It is the holder of the legal title and the appellant does not come within the exception therein stated. It is true that the trucks are subject to an·agreement for the lease thereof with an immediate right of possession in the lessee, but the lessee does not have the right of purchase upon its performance of the conditions stated in the agreement. Under this lease re-regardless of whether or not appellant was performing the conditions to be performed by it as stated in the lease, if the Office of Defense Transportation decided that a sale or lease of this property to another operator would be more beneficial to the prosecution of the war, the Defense Corporation could cancel the lease and recover possession of the trucks and thereby defeat appellant's option to purchase. Under such conditions, appellant did not have a lease with the right of purchase upon the performance of the condi-

tions stated in the agreement, but merely has a possibility that some time he might have such right.

In view of the foregoing conclusions it is not necessary for us to determine many other questions which were argued in the briefs because their determination cannot alter this decision. Among such questions are: Whether the definition of the term "owner" as defined in section 57-3a-1 U. C. A. 1943, was intended to cover the term "owned" as used in Section 57-3a-138, U. C. A. 1943; whether the definition of the term "owner" as defined in section 57-3a-1, U. C. A. 1943, was intended to cover the term "owned" as used in Section 57-3a-138, U. C. A. 1943; whether the definition of "owner" as defined in Section 57-3a-1 is limited to a lease which is in effect a conditional sale; whether this state has the power under the Federal constitution and statutes to collect this fee had the legislature expressly provided therefor. We therefore do not express any opinion on these and many other questions argued.

The case is reversed and remanded to the District Court with directions to proceed in accordance with the views herein expressed.

LARSON, C. J., and McDONOUGH and TURNER, JJ., concur.

WOLFE, Justice (dissenting).

I dissent. There is no logical or practical basis for exempting from the excise tax required by Sec. 57-3a-133, U. C. A. 1943, trucks owned by the government but used by a private lessee even though such lessee contracts to perform service with the government with the leased trucks. That Section 57-3a-133 imposes an excise tax for the privilege of using the highways by charging a registration fee does not seem to be open to question. This is a tax for raising revenue and not a fee for regulation despite *Carter v. State Tax Commission*, 98 Utah 96, 96 P. 2d 727, 126 A. L. R. 1402. The fee varies with the weight of the vehicle thus relating it to the wear and tear on the highway and not

the value of the vehicle. Secs. 57-3a-134, 135, 136, 137 all show a pattern which indicates that the legislature was not imposing an ad valorem tax but a tax on the privilege of using the highways. If the tax were on property "owned" by the government there would be no constitutional power in the state of Utah to so tax it. The statute has brought us to the same result by making ownership in the United States work an immunity from the excise tax. Sec. 57-3a-138, U. C. A. 1943. Since the tax is on the privilege of using the highway and since there appears to be no logical or practical basis for exempting the appellant from payment of this tax for the operating of government owned trucks upon the highway, we should not attempt to construe the various sections so strictly as to work the undesirable result of exempting the appellant from payment of the tax. Paragraph 16 of the lease provides that the appellant shall pay all taxes assessed or imposed on the Defense Corporation or lessee upon or with respect to the equipment, thus showing that taxes were taken into consideration in the contract. Exempting the appellant from taxes may give it a windfall besides giving it an unfair advantage as to competitors on private goods it may carry.

Sec. 57-3a-1 (u) makes a lessee who has the right to purchase upon the performance of conditions stated in the agreement coupled with immediate right of possession the "owner" for the purpose of this registration tax. This further demonstrates that the intent of the legislature was to look to possession and use as the controlling feature. In view of the above, I believe that Section 57-3a-1 (u) should be held to apply to the appellant under the lease agreement involved herein so as to make the appellant the "owner" within the meaning of that subsection. The right of the appellant is not an absolute right of purchase. But neither does Section 57-3a-1 (u) expressly so require. It provides merely that the term "owner" as used in the act should be defined to mean:

"A person who holds the legal title of a vehicle or in the event a vehicle is the subject of an agreement for the * * * lease thereof

with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the * * * lessee * * * then such * * * lessee * * * shall be deemed the owner for the purpose of this act."

This section does not say that the right of purchase must be "absolute" or "indefeasible" as the opinion of Mr. Justice WADE construes it. To read the word "absolute" before the words "right of purchase" reaches an undesirable and illogical result. I do not believe that the section need be so construed.

The appellant under the lease agreement attached to the complaint did have the right of purchase. It could lose this right upon the happening of certain conditions. But none of the conditions were under the power of the other contracting party, Defense Plant Corporation. The Defense Plant Corporation could by writing cancel the lease (a) if the government requested a priority with respect to the use of the equipment leased and the appellant refused to give such priority (this clearly was entirely within the control of the appellant) ; (b) if a trustee is appointed for the appellant or its property or an assignment of its assets are made for the benefit of appellant's creditors (this also is without the control of the Defense Plant Corporation) ; (c) if the appellant loses its franchises, licenses, permits or authority necessary to the operation of the equipment (this also is beyond the control of Defense Plant Corporation) ; (d) if the appellant violates the terms of the lease agreement and does not cure the defect within 20 days after notice (again this is in the nature of a default on the part of appellant and thus within its control) ; (e) if the Office of Defense Transportation shall request Defense Plant Corporation to sell or lease the equipment (this power is with a governmental agency, but not with one of the contracting parties).

It is subsection (e) above that Mr. Justice WADE emphasizes in his holding that the appellant had no right of purchase within the meaning of Section 57-3a-1 (u). Clearly the complaint shows that the appellant has the right of im-

mediate possession. It also shows a right of purchase. The right of purchase while not absolute, is subject to conditions over which the other contracting party, Defense Plant Corporation, does not have exclusive control. The control lies with the company on all of the conditions except (e). As to (e) the right to terminate the lease arrangement lies with the Office of Defense Transportation, not Defense Plant Corporation. To hold that the appellant does not have a lease agreement "with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession" is an extremely narrow construction. It reaches a result which has no logical or practical basis. I think the legislative intent is better followed to hold that the appellant did have "the right of purchase" and the "immediate right of possession" and that the appellant was therefore, under definition given in Sec. 57-3a-1 (u), the "owner."

I cannot accept the argument that "owned" in Section 57-3a-138 (a) should be given its ordinary meaning of one who holds the legal title and not take complexion from the special statutory meaning with which Sec. 57-3a-1 (u) invests the word "owner" because they have different geneologies. Although the two terms arrived in Chapter 3 (a) of Title 57 by different routes, when they were integrated in that chapter, the word "owned" contained in Section 57-3a-138 (a) must be considered as gaining a harmonious meaning attributed by the definition of the word "owner" as defined by Sec. 57-3a-1 (u).

Nor am I troubled by any contention that the state of Utah cannot constitutionally collect this tax from the appellant because of the fact that it is operating government equipment under contract to haul government goods, especially when it is permitted to use the trucks under certain conditions to haul goods for private parties in competition with other trucking companies. The cases of *James* v. *Dravo Contracting Co.*, 302 U. S. 134, 58 S. Ct. 208, 83 L. Ed. 155, 114 A. L. R. 318, and *State of Alabama* v. *King & Boozer*, 314 U. S. 1, 62 S. Ct. 43, 86 L. Ed. 3, 140 A. L. R. 615, should put this question to rest.