180 P.2d 222

**CITY OF PHOENIX v. BOWLES et al.**

No. 4892.

Supreme Court of Arizona.

April 28, 1947.

Jack Choisser, City Atty., and William C. Fields, Asst. City Atty., both of Phœnix, for appellant.

John L. Sullivan, Atty. Gen., and R. G. Langmade, Asst. Atty. Gen., for appellees.

UDALL, Justice.

The question for determination on this appeal is whether the City of Phœnix, a municipal corporation, is liable under section 66-256(b), A.C.A.1939, for the payment of unladen weight fees upon vehicles owned by it or the United States and used by the city in transporting persons for hire.

To test the question involved, the Superintendent of the Motor Vehicle division of the Arizona Highway department caused the highway patrol to seize two of the several busses in question. One bus thus seized was owned by the city, the other being leased to the city by the United States Navy. To release these busses the city paid the unladen weight fees under protest and then brought separate suits to recover these amounts. By stipulation, the two cases (numbered 54985 and 55238) were consolidated for the purpose of trial. At the trial, under an agreed statement of facts, the city attorney admitted that the busses were being operated by the city in its proprietary capacity, carrying passengers for hire both within and without its corporate limits. The lower court denied the city's claim for tax exemption and the consolidated cases are now before us for review.

The city seeks to avoid the payment of the "unladen weight fee" exaction upon three grounds: (1) Such an imposition upon municipally owned property is an ad valorem or property tax from which municipal corporations are exempt by the provisions of Art. 9, sec. 2 of the Constitution of Arizona, and sec. 73-201. (2) As the above constitutional provision has been held to exempt the city from the payment of certain "lieu taxes" which are in the nature of excise impositions, this constitutional provision should equally exempt the city from payment of unladen weight fees.

even if they are excise and not ad valorem taxes. (3) Finally, sec. 66-235, which exempts the city from the payment of registration fees for its vehicles, also exempts it from the payment of unladen weight fees as both fees are established by the same section of the statute and both are therefore intended to fall under the registration fee exemption.

Art. 9, sec. 2 of the Constitution of Arizona provides in part that "there shall be exempt from taxation all federal, state, county and municipal property" and sec. 73-201 provides in part that "All property shall be subject to taxation, except: (1) Federal, state, county and municipal property * * *."

 The tax referred to in the above provisions, however, is a property or ad valorem tax and not an excise imposition. City of Phœnix v. State ex rel. Conway, 53 Ariz. 28, 85 P.2d 56. Nor are excise taxes contemplated by the above constitutional prohibition. Stults Eagle Drug Co. v. Luke, 48 Ariz. 467, 62 P.2d 1126. Where as here, the city enters the field of private competitive business for profit, it divests itself of its sovereignty pro tanto, takes on the character of a private corporation and thereby forfeits its immunity from taxation. Zangerle v. City of Cleveland, 145 Ohio St. 347, 61 N.E.2d 720. While functioning in a proprietary capacity it must pay any proper excise tax levied upon such business. City of Phœnix v. State ex rel. Conway, supra; City of Phœnix v. Moore, 57 Ariz. 350, 113 P.2d 935.

The crucial question here then is whether the unladen weight fees sought to be imposed upon the city are excise taxes or whether they are more akin to property or ad valorem taxes.

 The unladen weight fee certainly bears the distinguishing features of an excise tax. (a) It is based upon the weight of the vehicle and not upon its value. (b) The fee is fixed by the legislature with no provision for a hearing as would be necessary for an ad valorem tax. (c) There is no discretion vested in any appraiser or tax collector to evaluate or fix the tax. We therefore hold that it is an excise tax under the principles enunciated by this court in Stults Eagle Drug Co. v. Luke, supra; Powell v. Gleason, 50 Ariz. 542, 74 P.2d 47, 114 A.L.R. 838.

That such a fee is an excise imposition and not a property tax seems also to represent the weight of authority in the United States.

"* * * when levied it is not considered as a tax on the motor vehicle itself, but for the privilege of using the highways. As such it is in the nature of compensation for damages done to the roads, and is properly based not on the value of the machine, but on the amount of destruction it may cause * * * As thus considered the constitutional provision requiring uniformity in taxation has no

application to license fees as such, since taxation as therein referred to relates to taxation in the general acceptance of the term as upon property." 1 Blashfield Cyclopedia of Automobile Law and Practice, Perm.Ed., § 212.

"Exemption from property taxation will not relieve one from payment of a license fee as a condition of the right to use an automobile upon the highway, and one who claims an exemption from statutory provisions requiring automobile owners to take out a license and pay a license fee has the burden of proving the exemption and must present a clear case". Op. cit. supra, sec. 223.

Weight may be, and frequently is a basis of an excise tax. Op. cit. supra, sec. 219. On this entire question see also 103 A.L.R. 19, 97.

Art. 9, sec. 11 of the Arizona Constitution, known as the "Lieu Tax Amendment" levies a license tax "on vehicles registered for operation upon the highways in Arizona, which license tax shall be in lieu of all ad valorem property taxes on any vehicle subject to such license tax * * *". Although this lieu tax is nowhere in question in this case, the appellant believes that some of the cases construing it are applicable to the case at hand. Specifically, the appellant claims that although Brush v. State ex rel. Conway, 59 Ariz. 525, 130 P.2d 506, overruled part of McAhren v. Bradshaw, 57 Ariz. 342, 113 P.2d 932, in holding that the lieu tax was improperly levied against the state vehicles because of the constitutional prohibition, still, that part of the McAhren case, supra, which described this as an excise imposition still stands. Reasoning from this, the city claims that as it was exempted from an excise tax by the constitutional prohibition in that case, the same result should apply here. But the basis for the ruling in the Brush case, supra, was that the lieu tax was expressly predicated upon a former ad valorem tax. It was therein stated that if publicly owned vehicles were not theretofore taxable (because of the constitutional prohibition) they are not now taxable. A similar ruling was made as to foreign registered vehicles in Lebeck v. State, 62 Ariz. 171, 156 P.2d 720. It must be noted that this lieu tax was a substitute for an ad valorem tax and was not in lieu of an excise tax that might be levied. Finally, in Miners & Merchants Bank v. Board of Supervisors, 55 Ariz. 357, 101 P.2d 461, we said that the legislature had full power to impose as many excise taxes in addition to an ad valorem tax as it sees fit. For these reasons there can be no merit to the appellant's attempted analogy.

■ Lastly, the City of Phœnix claims that sec. 66-235 provides a statutory exemption from the unladen weight fees sought to be imposed upon them. In so far as pertinent that statute states: "*The registration fees* need not be paid for any vehicle owned * * * by any state, or

political subdivision thereof * * *". (Emphasis supplied).

By its express language the above statutory exemption refers only to registration fees, while unladen weight fees, though imposed by the same section of the statute as that which imposes registration fees (sec. 66-256), are clearly designated as separate and additional impositions. And it is entirely logical that they should be separately considered, as the purpose of the former is to identify the ownership of vehicles, Bunch v. Kin, 2 Cal.App.2d 81, 37 P.2d 744, and of the latter, to contribute to road upkeep and repair in some reasonable proportion to use. I Blashfield Cyclopedia of Automobile Law and Practice, Perm.Ed., § 219, note 50. Again the statutory language is itself compelling: *"In addition* to the required registration fee, there shall be paid at the time of application for registration an unladen weight fee * * *". (Emphasis supplied). Sec. 66-256(b).

Laws exempting property from taxation are strictly construed and the presumption is always against tax exemptions. Conrad v. County of Maricopa, 40 Ariz. 390, 12 P.2d 613; Lois Grunow Mem. Clinic v. Oglesby, 42 Ariz. 98, 22 P.2d 1076. And for tax exemptions to exist under a statute, they must be granted in unequivocal terms. Weller v. City of Phoenix, 39 Ariz. 148, 4 P.2d 665. Finally the rule of statutory construction that "expressio unius est exclusio alterius" is

here applicable. 1 Blashfield, Cyclopedia of Automobile Law and Practice, Perm. Ed., § 224. For these reasons, in addition to the plain language of the statute, we hold that the city can claim no exemption from the unladen weight fees on the basis of sec. 66-235.

On this phase of the matter, the appellant relies strongly upon Pacific Intermountain Express Co. v. State Tax Comm., Utah, 161 P.2d 359, 360. There the Utah statute exempting government and state owned vehicles from registration fees, 57—3a—138, Vol. 3, Utah Code Ann.1943, was held also to exempt government owned truck-tractors and semi-trailers from the unladen weight fees. However, this case is clearly distinguishable as the Utah imposition statute, 57—3a—133, Vol. 3, Utah Code Ann.1943, levying registration and unladen weight fees does so by a combined imposition basing the graduated registration fee upon unladen weight. The pertinent parts of the statute are as follows: "A registration fee for the registration of every motor vehicle * * * based on the actual unladen weight of the vehicle, to be computed in units of 1,000 pounds * * * according to the following schedules * * *". Thereafter follows a graduated table of rates based on poundage.

Therefore, the Supreme Court of Utah, in applying their statute relating to the exemption of government vehicles from registration fees, applied it, of necessity, to the only registration fee that was

320

charged which fee was bound inextricably with unladen weight.

Furthermore, the Utah court expressly excluded from its consideration the nature of the tax imposed: "Much is said in the briefs to the effect that this is an excise tax for the right to use vehicles on the highway and not a property tax against the trucks, but it is not apparent what bearing that question has on the interpretation of this statute. * * * the question here to be determined is: Are these trucks 'owned' by the United States Government under the meaning of this term as used in this statute?" Pacific Intermountain Express Co. v. State Tax. Comm., supra.

From what has been heretofore stated it must be apparent that we consider the learned trial court entirely correct in its analysis of the issues and the reasons advanced for its judgments upholding the imposition of the unladen weight fees against the city on its busses operated in a proprietary capacity for profit. The fact that in one of the suits the bus seized was actually owned by the navy is of no moment as no portion of the fees required of the city was exacted from the Federal treasury. Under none of the theories advanced was the City of Phoenix entitled to exemption. The judgments in both cases are affirmed.

STANFORD, C. J., and LaPRADE, J., concurring.