456 P.2d 92

**B. L. GUSTAFSON, dba B. L. Gustafson Contractor, Appellant,**

v.

**L. Alton RIGGS, Barney W. Burns, and William Andrews, as members of and constituting the Board of Supervisors of Maricopa County, Arizona, a political subdivision; John A. Foote, Maricopa County Treasurer; and Lester E. Jackson, dba Lester E. Jackson Construction Co., Appellees.**

I CA–CIV 854.

Court of Appeals of Arizona.

June 3, 1969.

Lewis Roca, Beauchamp & Linton, by John P. Frank, Peter D. Baird and Joseph E. McGarry, Phoenix, for appellant.

Robert K. Corbin, Maricopa County Atty., by Joseph A. Mayfield, Deputy County Atty., and Ellen Jane Rex Greer, Special Counsel, Phoenix, for appellees, Board of Supervisors and County Treasurer.

Skousen, McLaws & Skousen, by Richard E. Skousen, Mesa, for appellee, Lester E. Jackson.

MOLLOY, Judge.

This appeal requires an interpretation of a statute giving preference to certain contractors in bids on public work. The lower court held that both competing contractors, B. L. Gustafson and Lester E. Jackson, met the preference requirements of this statute and that therefore the award of the bid to the lowest bidder, Jackson, was proper.

The statutory language controlling this controversy is:

"B. In awarding the contract for work to be paid for from public funds, bids of contractors who have satisfactorily performed prior public contracts, *and*

*who have paid state and county taxes within the state* for not less than two successive years immediately prior to submitting a bid *on a plant and equipment such as is ordinarily required for performance of the contract for which the bid is submitted, or on other real or personal property in the state equivalent in value to such plant,* shall be deemed a better bid than the bid of a competing contractor who has not paid such taxes, whenever the bid of the competing contractor is less than five per cent lower, and the contractor making a bid, as provided by this section, which is deemed the better bid, shall be awarded the contract." (Emphasis added) A.R.S. § 34–241.

The competing bids here are within five per cent of one another. Based upon stipulations of the parties and findings of fact made by the trial court, as to which there is no contest here, it is undisputed that if the payment by Jackson of *either* unladened weight fees on motor vehicles or gasoline taxes are to be included within taxes described by the above-emphasized provisions of A.R.S. § 34–241, subsec. B, then the decision reached below is correct. Contrariwise, if *neither* of these taxes are within the contemplation of this preference statute, then the decision reached must be reversed.

■ The unladened weight fees under discussion are those levied under A.R.S. § 28–201 et seq., and the gasoline taxes are those levied under A.R.S. § 28–1501 et seq. It is admitted by all parties that both of these taxes are excise taxes. The trial court found that both are levied "on" property, the first being levied upon motor vehicles and the other on gasoline, and that therefore they were within the purview of the subject statute. The appellant takes the position that this preference statute clearly pertains only to ad valorem property taxes. We agree with this latter position.

■ There is one great controlling principle in construing legislation; the intent of the legislature should be determined. City of Mesa v. Killingsworth, 96 Ariz. 290, 394 P.2d 410 (1964):

"All rules for the interpretation of statutes have for their sole objective the discovery of legislative intent."

96 Ariz. at 295, 394 P.2d at 413.

■ On many occasions, the legislative intent is reasonably clear at first reading, and we believe this to be the case here. Taxes fall naturally into three classifications: (1) capitation or poll taxes, (2) taxes on property and (3) excises. 51 Am.Jur. Taxation § 24. We believe the legislature had something more in mind by the use of the controlling verbiage— "* * * on a plant and equipment * * or on other real or personal property in the state equivalent in value to such plant * * * "—than merely eliminating head taxes.

An objective reading of the subject language seems to clearly indicate that the legislature had in mind a tax upon the *value* of real or personal property. Neither the unladened weight fee or the gasoline tax is determined by the value of property. The first, by clear import, is a fee that varies depending upon the unladened *weight,* not value, of motor vehicles. A.R.S. § 28–206. The gasoline tax is imposed at the rate of seven cents per gallon regardless of the sales price. A.R.S. § 28–1501 and § 28–1501.01, as amended; and *see* City of Mesa v. Killingsworth, *supra,* 96 Ariz. at 292, 394 P.2d 410. When the gasoline tax has been paid, and the fuel is used other than in motor vehicles upon the highways of the state and other than in watercraft upon the waterways of the state, a person paying the tax is entitled to a refund. A.R.S. § 28–1520, as amended.

In City of Phoenix v. Bowles, 65 Ariz. 315, 180 P.2d 222 (1947), our Supreme Court quoted with approval from 1 Blashfield Cyclopedia of Automobile Law and Practice (perm. ed.) § 212, in part:

" '* * * when levied it [unladened weight fee] is not considered as a tax on the motor vehicle itself, but for the

privilege of using the highways. As such it is in the nature of compensation for damages done to the roads, and is properly based not on the value of the machine, but on the amount of destruction it may cause * * *.' "

65 Ariz. at 317, 180 P.2d at 223.

The use fuel tax, A.R.S. § 28–1551, as amended, et seq., adopted by the legislature as a catchall for all fuels used in motor vehicles on the public highways other than gasoline, see City of Mesa v. Killingsworth, 96 Ariz. at 295, 394 P.2d at 410, expressly states that its purpose is that of "* * * partially compensating the state for the use of its highways * * *" A.R.S. § 28–1552, as amended. We conceive the legislative purpose for the complementary gasoline tax, A.R.S. § 28–1501 et seq., to be the same.

Appellees contend that appellant waived his right to question whether gasoline taxes satisfy this statute because, during the trial, he stipulated to the amount of such taxes paid by Jackson and presented no legal argument that such taxes were not to be considered until after the evidence-taking phase of the trial and after the court had rendered a minute entry order directing preparation of findings of fact, conclusions of law and judgment favorable to the defendants. The case, which all parties are here treating as a mandamus action,[1] was tried to the court without a jury, with findings and conclusions requested.

The minute entry in favor of defendants was made on April 23, 1968. Three days later, plaintiff filed a motion denominated "Motion for Judgment Notwithstanding Minute Entry and Proposed Findings of Fact and Conclusions of Law" which clearly took the position, supported by appropriate references to statutory law, that

neither gasoline nor vehicle weight fees were taxes qualifying under A.R.S. § 34–241, subsec. B. Plaintiff's proposed findings and conclusions, if adopted, would have found that such payments did not qualify because they were not real or personal property taxes. Plaintiff also filed appropriate objections to the findings and conclusions submitted by defendants, which were overruled by the court. Written judgment in favor of defendants, quashing the alternative writ, was entered May 10, 1968. It is from that judgment that appeal has been taken.

We find, from this procedural chronology, no waiver of plaintiff's position. The stipulation of evidence into the record, or the failure to particularize objections to the admission of evidence, of course, waives any error arising from the introduction of the evidence itself. Leigh v. Swartz, 74 Ariz. 108, 114, 245 P.2d 262, 266 (1952). But, our problem is one of substantive, not evidentiary law. The admission into the record of immaterial evidence, no matter how it gets there, does not change the substantive law. Aetna Insurance Co. v. Klein, 160 Tex. 61, 325 S.W.2d 376, 379 (1959); and see 88 C.J.S. Trial § 150 b, at 297.

The law does generally require that a party timely present his legal theories to the trial court, so as to give that court an opportunity to rule properly. Milam v. Milam, 101 Ariz. 323, 325, 419 P.2d 502, 504 (1966). But this the appellant did. Under Rule 52(b), Rules of Civil Procedure, 16 A.R.S.,[2] the plaintiff could have filed a motion to amend findings as late as ten days after the written judgment. The trial court had ample opportunity to weigh and consider the contention that gasoline taxes do not satisfy this statute.

---

1. The complaint is denominated "COMPLAINT (Non-classified Civil-Injunction, and Mandamus)." It asks for both an injunction and mandamus. That mandamus is an appropriate remedy to require the responsible authorities to honor A.R.S. § 34–241, subsec. B in the letting of bids for public work is a holding of Schrey v. Allison Steel Mfg., 75 Ariz. 282, 255 P.2d 604 (1953).

2. Rules of Civil Procedure are applicable in a mandamus action, unless contrary procedure is prescribed by statute. Emery v. Superior Court of Maricopa County, 89 Ariz. 246, 249, 360 P.2d 1025, 1027 (1961).

We can conceive of situations in which a party might mislead his opponent by seemingly regarding certain evidence as material, thus causing the opponent to fail to present other proof. But, we see no such situation here. Though the defendants, members of the Board of Supervisors, have suggested in their brief to this court that such may have been the case, we note that the brief of the defendant Jackson, who would be the one to know about any such additional property taxes, makes no such assertion. Our appraisal of this record, which obviously presents a close question as to whether sufficient taxes were paid, leads inexorably to the conclusion that all property taxes paid during the two critical years by Jackson were, as best could be, brought before the court.

Accordingly, because it appears that the plain intent of the legislature has been frustrated in this case, we reverse and direct that an appropriate writ issue to compel the letting of this contract to the petitioner, Gustafson.

HATHAWAY and KRUCKER, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12-120, subsec. E.