Argued February 28, reversed and remanded May 31, 1922.

## STEVENS *v.* HURLBURT.

### (207 Pac. 167.)

**Taxation—Dealers' Automobiles, on Which License Fees are Paid Before July 1st, not Subject to Ad Valorem Tax.**

Under Laws of 1921, page 729, Section 26, motor vehicles in the hands of dealers who have paid the license fees imposed by Section 4775, Or. L., prior to July 1st, are not subject to an additional *ad valorem* tax under section 4381.

From Multnomah: J. P. KAVANAUGH, Judge.

In Banc.

This case is in many respects similar to that of *Northwest Auto Co.* v. *Hurlburt* (Or.), 207 Pac. 161, decided by this court May 23, 1922, and not yet reported.

On March 1, 1921, plaintiff was the owner of and a dealer in motor vehicles of the value of $3,300 and had the dealer's license prescribed by Section 4775, Or. L. On January 5, 1922, the assessor of Multnomah County demanded payment of taxes upon plaintiff's motor vehicles, assuming to act under Section 4381, Or. L. On the plaintiff's refusal to pay the same, the sheriff, under the same procedure set forth in *Northwest Auto Co.* v. *Hurlburt,* attempted summary collection, and this suit was brought to restrain him from proceeding further.

The complaint alleges, among other matters, that prior to July 1, 1921, the license fees imposed by the statute of 1919 had all been paid upon said vehicles, and invokes the benefit of Section 26 of Chapter 371, Laws of 1921, which reads as follows:

On validity of statutes imposing license tax on automobiles as affected by constitutional provisions in respect to ad valorem tax, see note in 5 A. L. R. 759.

"The registration and license fees imposed by this act upon motor vehicles, motorcycles, motor-bicycles, motor-trucks, trailers, semi-trailers and other road vehicles in this act described and upon the owners thereof by reason of such ownership, shall be in lieu of all other taxes and licenses, except municipal license fees under regulatory ordinances, to which such vehicles or the owners thereof by reason of such ownership may be subject; provided, that this section shall not be construed to exempt from *ad valorem* taxes any such vehicles in process of manufacture or held in storage and not for sale or exchange, unless the owners thereof register and license such vehicles under the provisions of this act, prior to July 1st of the year for which any such *ad valorem* tax shall have been assessable by law."

REVERSED AND REMANDED.

For appellant there was a brief over the name of *Messrs. Malarkey, Seabrook & Dibble,* with oral arguments by *Mr. Dan J. Malarkey* and *Mr. E. B. Seabrook.*

For respondent there was a brief over the names of *Mr. Stanley Myers,* District Attorney, and *Mr. George Mowry,* Deputy District Attorney, with an oral argument by *Mr. Mowry.*

McBRIDE, J.—We are of the opinion that this section is applicable here and distinguishes this case from *Covey Motor Car Co.* v. *Hurlburt* (Or.), 207 Pac. 166, and *Northwest Auto Co.* v. *Hurlburt* (Or.), 207 Pac. 161, and that the demurrer to the complaint should have been overruled. The decree is reversed and the cause is remanded to the Circuit Court for further proceedings.          REVERSED AND REMANDED.