Argued February 28, affirmed May 31, rehearing denied July 18, 1922.

## COVEY MOTOR CAR CO. *v.* HURLBURT.

### (207 Pac. 166.)

**Taxation—No Inconsistency or Double Taxation in Requiring Both Ad Valorem Tax and License Fee from Motor Vehicle Owners.**

1. There is no inconsistency or double taxation *per se* in requiring payment of an *ad valorem* tax on a motor vehicle and an additional license exaction for the privilege of operating it on the public highways.

**Taxation—Automobile Dealers Liable for Personal Taxes on Cars Owned by Them on March 1st, Irrespective of Subsequent Sales.**

2. Under Section 4268, Or. L., making the owner of property on March 1st liable for the taxes thereon, dealers in motor vehicles are liable for personal property taxes on cars owned by them on March 1st, though subsequent thereto and before the taxes were equalized they were sold to private owners who secured the individual licenses required by law; Section 4800, exempting registered and licensed motor vehicles from taxation as personal property, applying only to cars registered and licensed prior to March 1st.

From Multnomah: J. P. KAVANAUGH, Judge.

In Banc.

This is in most respects a companion case to *Northwest Auto Co.* v. *Hurlburt, supra,* p. 398. The distinction is that in this case the property mentioned has not been levied upon specially under the provision of Section 4381, Or. L. (Olson's Comp.), but had been assessed and the sheriff threatens to collect the tax upon the same under the general provisions of the law providing for the collection of delinquent taxes. The plaintiffs were the owners of the cars on March 1, 1920, and at that date had paid the dealers' license tax of $30 required by the statute, and the Secretary of State had issued to them a dis-

1. Validity of statutes imposing license tax on automobiles as affected by constitutional provisions in relation to *ad valorem* taxes, see note in 5 **A. L. R.** 759.

tinctive number and the dealers' license tags bearing said number, required by Section 4775, Or. L.

The complaint alleges that:

"Subsequent to March 1, 1920, and prior to September 1, 1920, plaintiffs sold and delivered to various and sundry persons all of the said automobiles and motor vehicles which they so had on hand and in stock for sale and trade on March 1, 1920, and which were so assessed, as aforesaid, and at the time of the sale of each of said automobiles and motor vehicles there was paid to the secretary of state of the State of Oregon the individual license fee for the year 1920 required to be paid by Sections 26 and 27 of Chapter 399 of the General Laws of Oregon for the year 1919, and said secretary issued and delivered to the purchaser of each of said automobiles and motor vehicles license tags for said year 1920, which were duly affixed to each of said automobiles and motor vehicles.

"Notwithstanding said payment by and for each and every one of said automobiles and motor vehicles of the whole of said license fees for the entire year of 1920, a tax levy at the rate of 44.8 mills per dollar has been made upon said assessment of $13,840 and a tax amounting to $620.04 thereon has been entered in the tax-roll of said county for said year of 1920 and said tax-roll has been placed in the hands of the defendant as sheriff of said county with a warrant attached commanding him to collect said tax."

AFFIRMED.   REHEARING DENIED.

For appellants there was a brief over the name of *Messrs. Malarkey, Seabrook & Dibble,* with oral arguments by *Mr. Dan J. Malarkey* and *Mr. E. B. Seabrook.*

For respondent there was a brief over the name of *Mr. Stanley Myers,* District Attorney, and *Mr.*

*George Mowry,* Deputy District Attorney, with an oral argument by *Mr. Mowry.*

McBRIDE, J.—We have here, as well as the questions passed upon in *Northwest Auto Co.* v. *Hurlburt,* a state of facts indicating that subsequent to March 1, 1920, and before the taxes had been equalized, the vehicles in question had been sold into private ownership and the individual licenses required by law had been secured by the purchasers. It is claimed that such payment releases the dealers from the obligation to pay the personal property tax assessed against the dealers on March 1, 1920. With this contention we are unable to agree.

Section 4268, Or. L., has the effect to make the person who is the owner of the property on March 1st of any year liable to pay the taxes thereon. The law imposes the tax and the assessor's duty is confined to ascertaining what property was owned by a particular person at that date, and fixing a valuation on it. The fact that it may have been sold before the valuation is made and entered upon the assessment-roll can make no difference. If the property is owned by a party on March 1st and is sold to another person before the value is ascertained and entered upon the assessment-roll, the purchaser is not made liable to pay the tax upon it. That liability is still upon the person who owned it on March 1st. It follows that there is nothing in the fact of a sale of the property after March 1st that in itself releases the vendor from the liability to pay the tax. If there is any release from such liability, it must be sought in the statute of 1919. Section 4800, Or. L., is the statute relied upon to create such exemption. It reads as follows:

"The registration and license fees imposed by this act upon motor vehicles, motorcycles, motor bicycles, motor trucks, trailers and other road vehicles, shall be in lieu of all other taxes and licenses, except municipal license fees under regulatory ordinances, to which such vehicles may be subject, and such motor vehicles, when so registered and licensed shall not be entered on the county tax-rolls for taxation as personal property; provided, that nothing herein shall be considered as relieving such vehicles from liability for the payment of any tax based or levied on an assessment thereof for the year 1919, or any prior year. This shall not be construed to include any such vehicles in process of manufacture or held in storage for commercial purposes, which are not registered and licensed as in this act required."

1, 2. As shown in *Northwest Auto Co.* v. *Hurlburt, supra,* motor vehicles kept for sale or exchange and the property of the dealer on March 1st of each year were subject to general taxation as personal property. The property in question was so assessed. There is no inconsistency or double taxation *per se* in requiring a person owning a motor vehicle to pay an *ad valorem* tax on such vehicle and an additional license exaction for the privilege of operating it upon the public highways. The enormous damage to the highways and the necessity for more substantial roads for such vehicles might well justify the imposition of both; but in order to secure the prompt payment of the license it is enacted that payment thereof shall exempt the owner from further personal property taxation on the particular motor vehicle so taxed. He has from January 1st to March 1st to pay his privilege tax or license, and if he does this, he is able to show the evidence of it to the assessor and escape further taxation. If he neglects

this, it is but fair that he should pay both the personal property tax and the license fee. This applies to both dealers and individual owners. It was never the intent of the law that the assessor should keep a day-book account with dealers in automobiles and reduce the amount of their assessments every time a car was sold to a resident of the state who thereupon took out an individual license and registration.

Construing this section of the statute in connection with Section 4268, Or. L., we are constrained to hold that the section relied upon by counsel for plaintiffs applies only to motor vehicles which were registered and licensed prior to March 1st.

The decree of the Circuit Court is affirmed.

AFFIRMED.   REHEARING DENIED.