Argued January 6; reversed January 20, 1948

# HENDERSON *v.* STATE TAX COMMISSION

188 P. (2d) 630

*Nathan L. Cohen,* Assistant Attorney General, of Salem (with George Neuner, Attorney General, of Salem; Stanley Jones, Deputy District Attorney and

John B. McCourt, District Attorney, both of Portland, on brief), for appellants.

*W. J. Robert* and *Philip Lowry* (Phelps & Burdick, all of Portland, on brief), for respondent.

Before Rossman, Chief Justice, and Lusk, Belt, and Kelly, Justices.

KELLY, J.

This is a suit for the purpose of obtaining a declaratory judgment as to whether plaintiff should be required to pay the last half of the personal property tax assessed against a certain pleasure boat, named "Evening Star", the length of which is 46.8 feet, which said boat is owned by plaintiff and has been so owned continuously within Multnomah County, Oregon, for a period of over five years prior to the filing of plaintiff's complaint on the 13th day of April, 1946.

The taxes upon said boat, based upon the assessment of January 1, 1945, for the fiscal year beginning July 1, 1945 and ending June 30, 1946, amounted to $128.18. Plaintiff paid one-half of said sum, namely, $64.09, it being the contention of plaintiff that of said tax assessed on January 1, 1945, against said boat for said fiscal year beginning July 1, 1945 and ending June 30, 1946, one-half thereof was commuted by plaintiff's payment of the license fee on said boat for the

calendar year 1946 under the terms of Chapter 181, Oregon Laws 1945, and in particular, under the terms of section 8 of said chapter, which are as follows:

"Section 8. The license fees imposed by this act upon pleasure boats and upon the owners thereof by reason of such ownership, shall be in lieu of all other taxes and licenses to which such boats, or the owners thereof, by reason of such ownership, may be subject." Oregon Laws 1945, Chap. 181, p. 266 at p. 269. (This enactment became effective on June 16, 1945.)

Defendants contend that the provisions of said Chapter 181, Oregon Laws 1945, and particularly section 8 thereof, are neither applicable to nor effective in such a way as to commute or discharge any part of the lien against plaintiff's pleasure boat arising by operation of law from the assessment of January 1, 1945; and that despite plaintiff's payment of the prescribed license fee on said boat for the calendar year 1946, plaintiff is liable for the payment of the entire annual tax levy against said pleasure boat based upon the assessment of January 1, 1945, for the tax year 1945-46.

From a decree of the circuit court, sustaining plaintiff's contention, defendants have appealed.

Plaintiff argues that to require plaintiff to pay the unpaid part of the tax levied against his pleasure boat on January 1, 1945, after he has paid a license fee thereon for the entire year of 1946, would be imposing double taxation upon him.

■ To require a license upon a vehicle upon which an ad valorem tax has been levied does not necessarily constitute an imposition of double taxation. *Covey Motor Car Co. v. Hurlburt,* 104 Or. 414, 417, 207 P. 166.

The controlling question here is, whether by the terms of section 8, above quoted, Chapter 181, Oregon Laws 1945, the license fee, imposed upon plaintiff's pleasure boat for the calendar year 1946, must be considered and declared to be in lieu of one-half of the ad valorem taxes assessed against said boat as of January 1, 1945, covering the fiscal year beginning on July 1, 1945, and ending on June 30, 1946.

Bearing in mind the provision of Section 110-829, O. C. L. A., as amended by Chapter 357, Oregon Laws 1945, imposing a lien on assessed personal property as of the assessment day, by the following language: "Taxes on personal property shall be a lien on all the personal property of the person assessed from and including the first day of January of the year of assessment until paid, and no sale or transfer of such personal property or any part thereof shall in any way affect such lien", we think that in order to construe the statute requiring plaintiff's boat to be licensed as substituting the payment of the license fee in suit for any part of the payment of the ad valorem tax assessed so that such substituted payment would discharge the lien securing the ad valorem tax, we would be required to give the statute pertaining to the licensing of boats a retroactive effect.

■ * * * * "Beginning with Kent's dictum in Dash v. VanKleeck" (7 Johns, N. Y. 477, 5 Am. Dec. 291) "it has been continuously reaffirmed that 'The rule is that statutes are prospective, and will not be construed to have retroactive operation unless the language employed in the enactment is so clear it will admit of no other construction.' " Excerpt from Sec. 2212, Vol. 2, Sutherland on Statutory Construction, 3rd Ed. p. 135.

In the case of *Covey Motor Car Co. v. Hurlburt,*

supra, this court gave consideration to the question before us. When that case was before this court, section 4268 Or. L. was in effect. The relevant provision of said section 4268 is:

"Except as otherwise provided by law, every person shall be assessed in the county where he resides at the hour of one o'clock A. M. on March 1st of the year when the assessment shall be made for all real and personal property owned by him within such county." Vol. 2, Oregon Laws, 1920, p. 1898.

In the case of *Covey Motor Car Co. v. Hurlburt,* supra, there was a state of facts indicating that subsequent to March 1, 1920, and before taxes had been equalized, the personal property involved, consisting of automobiles and motor vehicles comprising plaintiffs' stock on hand, had been sold into private ownership and the individual licenses required by law had been secured by the purchasers. It was there claimed that the payment of such license fees by the purchasers released the dealers (plaintiffs) from the obligation to pay the personal property tax assessed against the dealers on March 1, 1920.

Speaking through the late Mr. Justice McBRIDE, this court said:

"With this contention we are unable to agree."

The statute invoked by plaintiffs in that case inter alia provided that:

"The registration and license fees imposed by this act upon motor vehicles, motorcycles, motor bicycles, motor trucks, trailers and other road vehicles shall be in lieu of all other taxes and licenses, except municipal license fees under regulatory ordinances." Section 4800, Or. L., Vol. 2, p. 2080.

We quote further from the opinion in *Covey Motor Car Co. v. Hurlburt,* supra:

"There is no inconsistency or double taxation per se in requiring a person owning a motor vehicle to pay an ad valorem tax on such vehicle and an additional license exaction for the privilege of operating it upon the public highway.

\* \* \* \*

Construing this section of the statute" (Sec. 4800) "in connection with Section 4268, Or. L., we are constrained to hold that the section relied upon by counsel for plaintiffs applies only to motor vehicles which were registered and licensed prior to March 1st."

Again referring to the above quoted Section 8 of Chapter 181, Oregon Laws 1945, it is apparent that there is no reference in said section to the lien imposed on January 1, 1945, for taxes upon personal property for the fiscal year 1945-1946 and no statement therein that the payment of the license upon a pleasure boat will discharge such lien thereon. We feel warranted in construing the clause in said section 8, referring to "all other taxes and licenses", as intended to embrace only taxes for the security of which at the time of payment of such license, no lien had been impressed upon the boat in question. Otherwise, the license statute would by its terms have expressly provided for the discharge and cancellation of such lien. We think that without some such provision concerning the vested interest existing by reason of the tax lien mentioned, the language of said section 8 not only does not forbid, but, in fact, requires, the construction thus given it.

We are not required to construe the provision of Section 7 of said Chapter 181, purporting to give a

lien for the license fee therein exacted "priority over all other liens, claims and demands" further than to say that it does not provide for a commutation or discharge of the lien securing the ad valorem tax assessed in January, 1945.

For these reasons, the judgment and decree of the circuit court is reversed and an order is hereby entered that the payment of the unpaid one-half of the ad valorem tax upon plaintiff's pleasure boat for the fiscal year 1945-1946 and the lien securing the payment of said ad valorem tax was not, and is not in any way, commuted or discharged by the payment by plaintiff of the license fee on said boat for the year 1946.

It is further ordered that neither party hereto shall recover costs or disbursements herein.