Submitted on briefs March 10, affirmed October 8, 1958

## JONES *v.* STATE TAX COMMISSION

330 P. 2d 168

Jacob, Jones & Brown and Eugene B. Feltz, Portland, for appellant.

Robert Y. Thornton, Attorney General, Alfred B. Thomas, and Walter J. Apley, Assistant Attorneys General, Salem, for respondents.

PERRY, C.J.

The appellant, T. J. Jones, as managing partner of Pacific Yard Service, was ordered by the trial court to produce the books and records of the partnership for the years 1951-52 through and including 1955-56. These records were sought by the Oregon State Tax Commission, respondents herein, for the purpose of ascertaining whether or not any value or property had been omitted from assessment during these years. From this Order the appellant appeals.

It is admitted by the appellant that the order is proper for the year 1955. As to all prior years, he contends ORS 308.316[1] speaks prospectively and not retroactively. Appellant's argument may be summarized thusly: Prior to the passage of ORS 308.316 neither the sheriff nor the county assessor had authority to examine a taxpayer's books, records, etc., for the purpose of discovering omitted value or property, except those for the current tax year, therefore, the general rule of prospective interpretation and operation of statutes as opposed to retrospective interpretation and operation must apply to this case because the statute in question grants substantive rights and is not purely remedial in nature.

[1] ORS 308.316, in general, provides that the county assessor, for the purpose of ascertaining the correctness of any assessment or for the purpose of making any assessment, and the officer having possession of the roll, for the purpose of discovering any omitted value or property, may examine any books, papers, etc., bearing on the value, possession, ownership or location of any property. If a taxpayer refuses to permit examination, the assessor may refer the matter to the State Tax Commission which, in turn, shall take appropriate action to the end that the property under consideration is ratably assessed according to law.

Appellant claims that for the five years prior to the enactment of ORS 308.316 the assessor, board of equalization, and county clerk did not have the power to inspect the books, records and documents of a taxpayer in search of omitted property, and, therefore, that the officer in possession of the rolls charged with the duty of discovering and assessing omitted property also lacked such power.

■ Assuming that no officer prior to the passage of ORS 308.316 had authority to examine the taxpayers books, records, etc., for the purpose of discovering omitted property in a past year (a view we do not share with appellant), nevertheless, no new substantive rights are created. The Act is purely remedial.

Appellant has cited many cases for the proposition that newly enacted statutes will be construed prospectively, not retrospectively, unless by their terms a clear intent of retrospective or retroactive operation is demonstrated; e.g., *Henderson v. State Tax Commission,* 182 Or 519, 188 P2d 630; *Wist v. Grand Lodge* A.O.U.W., 22 Or 271, 29 P 610. This is a general rule of construction to avoid disturbance of vested rights and contractual obligations. Appellant, however, admits that omitted property statutes generally are remedial in nature and, therefore, operate retroactively to years prior to the enactment thereof. He insists that the cases cited by the Tax Commission are truly omitted property statutes and do not deal with statutes authorizing and empowering the taxing authorities to examine books, records and documents for past years for the purpose of discovery. In essence, appellant contends that an omitted property statute merely gives a remedy to enforce an existing right and obligation (the right being that of the State to collect

validly assessed taxes, and the obligation being that of the taxpayer to pay the tax on all properly taxable property), whereas the rights and obligations created by ORS 308.316 are totally new. The taxpayer, it is urged, must now keep on hand all his books, records, etc., for examination purposes, an act which he was not previously required to do.

We do not find that ORS 308.316 impairs any existing rights of appellant, nor does it create any new obligations. Once it is conceded that the taxpayer had the duty not to omit or undervalue any of his real property, personal property, inventory, merchandise or stock in trade in any year, it follows, as a matter of logic, that the State may authorize procedures to insure that the obligation is fulfilled. ORS 308.316 merely describes a procedure by which the officer, for the purpose of discovering any omitted property or value, may examine any books, papers, records or memoranda bearing on the value, possession or ownership of property. The substantive right of the officer to include any discovered omitted property on the tax roll (with a five year limitation) as granted by ORS 311.210[1] has for many years been in effect. See § 110.821, OCLA.

We cannot see how the terms of ORS 308.316 are anything but remedial and procedural. This being so,

_____

[1] ORS 311.210, which deals with the procedure for placing omitted property on the roll, provides generally that whenever, after the return of the assessment rolls to the county assessor by the board of equalization, the officer having possession of the roll discovers or receives credible information that any real or personal property has from any cause been omitted, in whole or in part, in the assessment of a year or number of years, not exceeding five years, prior to the last roll so equalized and returned, he shall proceed to correct the assessment and add the omitted property to the roll. Whenever it is discovered that the true cash value of any inventories, merchandise and stock in trade is greater than that reported in the taxpayer's return, the excess is presumed to be omitted property and is made subject to additional assessment. To comply with this section the officer is invested with all the powers of the assessor, board of equalization and county clerk under the laws in force during the above-stated five year period and thereafter.

the rule cited with approval in *State ex rel. Pierce v. Slusher,* 119 Or 141, 150, 248 P 358, is applicable:

" 'Statutes which relate to the mode of procedure and affect only the remedy and do not impair the obligation of contracts or vested rights, are valid, and it is no objection to them that they are retroactive in their operation.' "

Appellant attaches much weight to the fact that the record shows no evidence that the assessor or sheriff had information or reason to believe that appellant had omitted property from his return for the years in dispute. He claims that what the assessor and sheriff desired to obtain from their examination was a determination of whether appellant reported his personal property at the valuation shown on the books of the business; that if the appellant had not, there would be a reassessment of such property as omitted property, this even though his personal property was reported at a value previously accepted by the assessor as the true cash value thereof, and the same was equalized by the Board of Equalization and taxes paid thereon. He claims that an investigation and examination at this date will result in an arbitrary use of "book value" as representing true cash value and will inevitably lead to an increase in his tax liability; that a total figure of an inventory in a taxpayer's general ledger does not indicate a "true picture."

■ This argument appeals to matters not now before the court. There has been no actual reassessment of appellant's property for years prior to 1955. The sufficiency of any proof that the taxpayer's returns for years prior to 1955 were erroneous cannot become a question for judicial determination until such time as a reassessment has, in fact, been made. *J. I. Case Co. v. Chambers,* 210 Or 680, 690, 314 P2d 256, in-

forms the parties of the burden of proof which each must bear in the event of an addition of omitted property to the tax roll.

The sole question before us is whether the authority granted the officer having possession of the roll to examine inventories and records operated retroactively. We hold that it does.

The order of the trial court is affirmed.