Argued April 9, affirmed May 13, petition for rehearing
denied June 3, 1959

# ROBINSON ET UX *v.* STATE TAX COMMISSION

339 P. 2d 432

*Gerald H. Robinson,* of Portland, argued the cause and filed a brief for appellants.

*Alfred B. Thomas,* Assistant Attorney General, of Salem, argued the cause for respondents. With him on the brief were Robert Y. Thornton, Attorney General for Oregon, and Theodore W. de Looze, Assistant Attorney General, of Salem.

Before McALLISTER, Chief Justice, and LUSK, WARNER and MILLARD, Justices.

MILLARD, J. (Pro Tempore)

This is an appeal from an order of the Circuit Court of Multnomah County affirming an order of the State Tax Commission reviewing the action of the Board of Equalization of said county in denying the petition of plaintiffs for a reduction in the assessed value for the year 1955 of a building owned by plaintiffs, known as "The Professional Building."

Briefly, the facts are as hereinafter set forth: Plaintiffs' building, located at 1033 S. W. Yamhill Street in Portland, Oregon, was and is used for medical and dental offices. This improvement was assessed on the 1955-56 tax roll at $47,810.00. Located about two blocks away at 815 S. W. Yamhill Street in the same city is the "Dental Arts Building" which competes for the same type of rentals, and was assessed on the 1955-56 tax roll at $23,330.00. It clearly appears that the two buildings are nearly the same value, and if anything, the "Dental Arts Building" is of greater value. It appears that the building last referred to was grossly under-assessed. Further than that, it appears that the under-assessment was known to the assessor's office and that it was not corrected as to that year. During the argument here plaintiffs, through their counsel, conceded that plaintiffs' building was correctly assessed in comparison with other similar buildings, except with relation to the specific building above referred to.

Specifically plaintiffs, by their petition, pray that the order of defendants be reversed and that their assessment be reduced and their sole assignment of error has to do with failure of the circuit court to grant such relief. Because of such failure, plaintiffs say their constitutional rights have been violated in that they are denied equal protection of the laws as

required by the Fourteenth Amendment to the United States Constitution, and further, that requirements of uniformity are not met as required by Article I, Section 32, and Article IX, Section 1, of the Oregon Constitution, and further, their statutory rights relating to uniformity of assessment and requiring assessment at true cash value, have been invaded. In other words, plaintiffs argue that lack of uniformity leads to lack of equality or equal protection under the law.

Since plaintiffs do not contend in fact that their own property was incorrectly assessed at more than its true cash value, or that their assessment was out of line in comparison with other similar property, with the exception of one building, the sole question presented by this appeal is whether or not lack of equality and uniformity can be shown by the under-assessment of another parcel of similar property which, as in this case, is devoted to a competing business.

An assessment is "uniform" within the meaning of the law if the average ratio of assessed value to market value is applied in determining the value of each separate tract. *Mineral R. R. Mining Co. v. Northumberland County Com'rs*, 229 Pa 436, 78 A 991. When determinations as to true value are reached by the taxing authorities as to each tract or lot of land and improvements thereon throughout a taxing district, though in separate inquiries and proceedings, taxation based upon valuation so fixed is essentially by "uniform rule". *American Steel & Wire Co. of New Jersey v. Board of Revision of Cuyahoga County*, 139 Ohio St 388, 40 NE 426, 427. The phrase "does not refer to those regulations that pertain to the agencies and methods employed in the assessment and collection of taxes, but only to the basic rules for taxation." *Jersey City v. Martin*, 126 NJ 353, 19 A2d 40, 45.

■ The Constitution and statutes of this state require "relative uniformity." *In Appeal of Kliks,* 158 Or 669, 684, 76 P2d 974. See, also, *In re GeBauer Apartments,* 170 Or 47, 131 P2d 962; *Tax Commission v. Consumers' Heating Co.,* 207 Or 93, 112, 294 P2d 887. However, "uniform operation" of law does not require uniformity of consequences. *Cook v. Dewey,* 233 Iowa 516, 10 NW2d 8, 10. From this it appears that the requirements of "relative uniformity" are met when the basic rules for taxation are followed irrespective of the method. For example, ORS 308.232 requires that all property, real or personal, shall be assessed at "its true cash value, or a percentage thereof, applied uniformly to all classes of property within each county." Thus several methods might be used to determine true cash value, but irrespective of the method used, true cash value is one of the basic rules of assessment. There is nothing in the record that indicates that any other rule was used in this case, other than a poor result was obtained in the case of the "Dental Arts Building." Of course, if there were a great number of under-assessments, such might lead to a conclusion that the basic rule of "true cash value" was not being followed or that there was lack of "relative uniformity" as required. See, *In Appeal of Kliks,* supra. However, if the property is not assessed for more than its true cash value, and if the assessment is reasonably proportionate to assessed valuation of similar properties in the county, the assessment does not violate any constitutional or statutory provisions. *In re GeBauer Apartments,* supra, 107 Or 47 at page 58. We hold this to be the test of "relative uniformity." Since it is not contended that plaintiffs' property was over-assessed and since it is admitted that generally the 1955 assessment of their property, with one exception,

was reasonably proportionate to the assessed valuation of similar properties in the same county, we further hold that the test of relative uniformity has been met in this case and hence that plaintiffs' assignment of error is without merit.

The reasons for our decision are well-stated in *Mineral R. R. Mining Co. v. Northumberland County Com'rs.*, supra, 78 A 991 at page 997, which we adopt, where it is said:

"* * * But this does not mean, when on appeal the proper valuation of a particular tract of land is to be determined, the basis of uniformity depends upon a comparison with the assessed value of a few tracts that may have been assessed below the uniform standard of valuation of general application throughout the district. It is the general standard of uniformity that is the test of the rule. * * * If the rule were otherwise, it is perhaps not too much to say that on appeal no tax assessment case would stand the test. It would be a rare case in which undervaluation in a few tracts could not be pointed out."

In *Birch v. County of Orange,* 88 Cal App 82, 262 P 788 at page 789, it was held that a like rule applied even though a few other properties were so much lower assessed as to show at least constructive fraud.

We find no fault with the legal propositions asserted in *McCluskey v. Sparks,* 80 Ariz 15, 291 P2d 791; *Sioux City Bridge Co. v. Dakota County,* 260 US 441, 67 L Ed 340, 43 S Ct 190, 28 ALR 979; *Township of Hillsborough v. Cromwell,* 326 US 620, 90 L Ed 358, 66 S Ct 445. While these cases were cited by plaintiffs, they all bear on the question of over-assessment of petitioners' property as compared with similar property, and hence are not applicable here. Here the contention is with regard to under-assessment of

other property. It would be absurd to reduce plaintiffs' assessment here so as to create an under-assessment because of another under-assessment and thus compound the error the assessor made.

■ Even if we decide, as we do, that their assessment cannot be lowered, plaintiffs argue that we should require defendant commission to equalize values by raising the assessment of the Dental Arts Building. This relief was not requested in plaintiffs' petition or petitions at any stage of these proceedings, since plaintiffs' sole request was with reference to a revision of their own assessment.

ORS 306.520 under which plaintiffs are proceeding requires the aggrieved taxpayer to set forth in his petition "(2) The specific relief requested." ORS 306.555 which provides for review of the orders of the State Tax Commission by the circuit court, provides that the court may reverse, modify or remand. This court could not require other than such action by the circuit court. We find no statutory authority allowing us to revise and equalize assessments generally. Therefore, since the relief demanded by plaintiffs was revision of their own assessment, they are bound by that and no other question could be presented on this appeal. We do not say that plaintiffs did not have a remedy, but that such remedy by their own limitation is not available in this proceeding.

In view of our conclusions, we hold that sporadic inequality such as shown here is insufficient to establish lack of relative uniformity, and that the circuit court must be affirmed.