# REYNOLDS METALS CO. v. STATE TAX COMMISSION

· Allan Hart, Portland, argued the cause and filed a brief for plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, argued the cause and filed a brief for defendant.

Decision for defendant rendered January 18, 1966.

EDWARD H. HOWELL, Judge.

This is a suit to set aside corporate excise tax deficiencies assessed by defendant for the years 1954 and 1955. Defendant demurred to plaintiff's complaint on the grounds that the two causes of suit alleged therein do not state a cause of suit. The issues are before this court on the demurrer.

Plaintiff's complaint alleged that defendant tax commission on May 8, 1956, issued a notice of deficiency and proposed assessment for additional corporate excise taxes for the year 1954; that a conference was held pursuant to ORS 314.405(2) after which defendant commission on November 20, 1956, issued a revised notice of deficiency and proposed assessment for 1954 assessing certain additional corporate excise taxes; that on December 10, 1956, plaintiff paid a portion of said taxes and declined to pay the balance; that on December 23, 1963, the defendant mailed a notice of deficiency assessment against plaintiff in certain amounts; that no extension of time was agreed upon for assessing the remaining deficiency; that the 1954 deficiency assessment dated December 23, 1963, is invalid because it was not made within the time allowed by ORS 314.410(4).

The second cause of suit is identical to the first except that it involves the year 1955, omits the allegation about a conference between the parties, and

alleges that notice of deficiency and proposed assessment was mailed to plaintiff on May 23, 1957, and part of the tax was paid on June 13, 1957.

The issue is whether the notices of tax deficiency assessment issued by defendant to plaintiff on December 23, 1963, were mailed within the time allowed by ORS 314.410(4).

Before discussing the latter statute, the procedure preliminary to the mailing of notices of tax deficiency assessments should be mentioned. ORS 314.405 allows the tax commission to audit tax returns and determine if a deficiency exists. If it so determines, the commission computes the amount of the tax and gives notice to the taxpayer of the commission's "proposal to assess the deficiency." ORS 314.410(1) requires the commission to give this notice within three years after the taxpayer's return was filed. The notice of deficiency and *proposed* assessment is mailed to the taxpayer who has thirty days in which to pay the proposed deficiency or enter written objections thereto. If neither payment nor written objections are made the commission "shall assess the deficiency * * * and shall give notice of the amount so assessed." ORS 314.405(3).

As to when the deficiency must be assessed and the taxpayer notified of the actual deficiency, ORS 314.410(4) provides:

"After June 30, 1957, the tax deficiency must be assessed and notice of tax assessment mailed to the taxpayer within one year from the date of the notice of proposed assessment unless an extension of time is agreed upon as prescribed in subsection (6) of this section."

In this case the notices of deficiency and *proposed* assessment were mailed to plaintiff on November 20,

1956, for the 1954 return and May 23, 1957, for the 1955 return. The actual deficiencies for both years were assessed and plaintiff notified on December 23, 1963.

■ When the proposed assessments were issued the applicable statute at that time, ORS 317.410(3), imposed no time limit as to when the commission, after it had mailed the notice of proposed deficiency, was required to follow up with the assessment of the actual deficiency.

■ In 1957 the legislature added a proviso to ORS 314.410(3) (formerly ORS 317.410(3)) requiring that, commencing with notices of proposed assessments mailed after June 30, 1957, the actual deficiency must be assessed and the notices thereof mailed to the taxpayer before one year from the date of the notice of the *proposed* assessment. Section 14 of chapter 632, Oregon Laws 1957, stated as follows:

> "(3) Mailing of notice of proposed assessment to the taxpayer at his last known address shall constitute the giving of notice, and the giving of such notice within the applicable period prescribed in subsections (1) and (2) of this section shall be compliance therewith although the tax is assessed after such period; *provided, however, where a notice of proposed assessment is mailed after June 30, 1957, the tax must be assessed and notice mailed to the taxpayer before one year from the date of the notice of proposed assessment,* otherwise the notices are voided unless an extension of time like that provided in subsection (2) of this section is agreed upon before the expiration of the year." (Emphasis supplied.)

The above addition to the statute did not affect the issue in this case because the notices of proposed deficiency assessment had been mailed prior to June

30, 1957. Consequently the one-year time limit mentioned is not applicable to plaintiff.

In 1959 the legislature amended the 1957 statute by enacting Oregon Laws 1959, chapter 212. The amendment deleted the following words from the 1957 statute: "where a notice of proposed assessment is mailed after June 30, 1957." The amended statute, now ORS 314.410(4), *supra,* provides that: "After June 30, 1957, the tax deficiency must be assessed and notice of tax assessment mailed to the taxpayer within one year from the date of the notice of the proposed assessment * * *."

The defendant contends ORS 314.410(4) is not a bar because the notices of proposed deficiencies were mailed prior to June 30, 1957, and that the 1959 amendment did not make any substantive change in the 1957 law.

The plaintiff contends that the 1959 amendment means that after June 30, 1957, all actual deficiency assessments must be mailed within one year from the date of the proposed assessment, no matter what that date may be. If the plaintiff's position is correct, it would have been impossible for the defendant commission, after the 1959 amendment, to have mailed notices of actual deficiencies to the plaintiff within one year of the proposed deficiencies because the proposed deficiencies were issued on November 20, 1956, and May 23, 1957. The plaintiff argues, however, that the defendant commission had the period of time between the enactment of the 1959 amendment by the legislature and the ninety days after the adjournment of the legislature before the 1959 amendment became law in which to issue the actual deficiency assessments. Having failed to do so, the plaintiff contends the deficiency assessments issued to plaintiff on December

23, 1963, were outlawed when the 1959 amendment became effective.

■ To sustain the plantiff's position would require a retroactive application of the 1959 amendment to ORS 314.410(4). In *Henderson v. State Tax Commission,* 182 Or 519, 522, 188 P2d 630 (1948), the Oregon Supreme Court quoted the following:

> "* * * 'Beginning with Kent's dictum in Dash v. VanKleeck' (7 Johns, N.Y. 477, 5 AM Dec. 291) 'it has been continuously reaffirmed that *"The rule is that statutes are prospective, and will not be construed to have retroactive operation unless the language employed in the enactment is so clear it will admit of no other construction."* ' Excerpt from Sec. 2212, Vol. 2, Sutherland on Statutory Construction, 3rd Ed. p. 135." (Emphasis supplied.)

■ The question is whether the one-year limitation starts with proposed assessments mailed after June 30, 1957, as the 1957 statute clearly stated or whether the one-year limitation applies to notices of actual assessment mailed after June 30, 1957. Since time is counted from the date of the proposed assessment, it is reasonable that the legislature intended the 1959 amendment to operate prospectively to apply to notices of proposed assessments dated after June 30, 1957. It is also reasonable to assume that if the legislature intended to bar deficiency assessments that were concededly valid until the 1959 amendment became effective, they would have used more explicit language.

■ As hereinbefore mentioned, the issue involved is before this court on a demurrer to plaintiff's complaint. In its brief the defendant commission contends that this court should take judicial notice of the tax commission's opinion and order upholding the deficiency assessments. Assuming that the court is required

to take such judicial notice, the commission order contains various matters involving the legislative history of the 1959 amendment to ORS 314.410(4) and certain other recitals that are not properly before this court on a demurrer to a complaint. This case involves only the statutory construction of ORS 314.410(4) and whether the legislature intended the statute to be applied retroactively or prospectively. The opinion and order of the commission cannot be used as a substitute for an answer.

The order of the defendant tax commission upholding the deficiency assessments is affirmed.