## BOHNERT *v.* COMMISSION, DUNN *v.* COMMISSION, HIGINBOTHAM *v.* COMMISSION

Frank J. Van Dyke and Robert C. Robertson, Van Dyke, DuBay & Robertson, Medford, Oregon, represented plaintiffs.

Alfred B. Thomas, Assistant Attorney General, Salem, Oregon, represented defendant.

Decision modifying defendant's order rendered May 9, 1969.

EDWARD H. HOWELL, Judge.

The above cases, all involving the true cash value of lands owned by the plaintiffs in Jackson County, were consolidated for trial. The tax year involved is 1967-68.

Certain features are common to all three cases. The properties are located in the Central Point area

of Jackson County and are used for agricultural purposes. The Dunn and Bohnert properties are used to raise alfalfa, onions and grass seed. The Higinbotham property is used to operate a dairy. All of the farms, and particularly the Higinbotham place, are affected by a high water table. Some subdivision activity has developed in the general area of all the subject properties but the appraisers for both the taxpayers and the county agreed that the highest and best use of the subject properties was for farm purposes.

None of the farms is within a farm use zone. However, Dunn and Higinbotham applied for and received the special farm use assessment allowed to qualified farm owners under ORS 308.370(2) and 308.375. They are not contesting the farm use values assigned to their lands but are contesting the "value for other than farm use" which the assessor is also required to assess under ORS 308.390 and which would result in additional taxes under ORS 308.395, if the lands should lose the special farm use assessment.

No special farm use assessment was requested for the Bohnert property.

While the primary issue is the true cash value of plaintiffs' farms, the plaintiffs also contend that their properties were not uniformly assessed with other similar farm properties in violation of Art I, § 32, of the Oregon Constitution.

▆ The evidence fails to support plaintiffs' charges of a lack of uniformity. Relative, not absolute, uniformity of assessment is required by the Oregon Constitution. *Robinson v. State Tax Comm.*, 216 Or 532, 339 P2d 432 (1959); *Thomas v. Commission*, 3 OTR 333 (1968). The plaintiffs' witnesses testified regarding several farm properties which they believed were comparable to plaintiffs' and were assessed at

lower values. The defendant introduced evidence of other allegedly comparable lands that were valued at the same or higher value than plaintiffs' farms. Assuming that all the properties mentioned by plaintiffs were comparable to plaintiffs' in size, type of soil and proximity to the city of Central Point and were valued at less than true cash value, it would result in some inequality. However, mere inequality of valuation does not contravene constitutional provisions. *Thomas v. Commission, supra.* Arbitrary and systematic discrimination is required before the plaintiffs can complain that their assessment violates the constitutional requirement of uniformity. See *Penn Phillips Lands v. Tax Comm.*, 247 Or 380, 430 P2d 349 (1967).

The plaintiffs argue also that the county assessor, in arriving at the true cash value of their properties, wrongfully considered sales of properties for speculative nonfarm purposes and wrongfully considered the proximity of plaintiffs' lands to Central Point and several nearby subdivisions. In support of this argument the plaintiffs point to the following language found in ORS 308.345(1) relating to comparable sales figures involved in the valuation of agricultural land:

> "* * * It is the legislative intent that bona fide properties shall be assessed at a value that is exclusive of values attributable to urban influences or speculative purchases."

The commission's answer to plaintiffs' argument is that ORS 308.345 is restricted to the valuation of farm lands which are entitled to the special farm use assessment as zoned or unzoned farm lands under ORS 308.370.

■ It is not necessary to determine whether the quoted portion of ORS 308.345(1) is restricted to the

zoned or unzoned farm use assessment provisions of ORS 308.370 because the quoted language was enacted in 1967 (Or L 1967, ch 633, § 4), and the effective date of the act was September 13, 1967. The assessment date involved herein is January 1, 1967. Statutes are generally construed to operate prospectively, not retroactively. *Henderson v. State Tax Commission*, 182 Or 519, 188 P2d 630 (1948); *Reynolds Metals v. Commission*, 2 OTR 340 (1966), aff'd 245 Or 156, 421 P2d 379 (1966).

The remaining issues relate to the true cash value of the respective properties.

The following schedule shows the acreages and the values used by the assessor and by the plaintiffs' appraiser for the farm lands of all three plaintiffs.

1. *Bohnert:*

   *Assessor's Valuation*

   Tax Lot 200—58.84 acres at $1,300    $ 76,490
   Tax Lot 700— 9.66 acres at $1,300    12,558

   *Plaintiff's Valuation*

   Tax Lot 200—57 acres at $700    39,000
   Tax Lot 700—11.4 acres at $800    9,120

2. *Dunn:*

   *Assessor's Valuation*

   Tax Lot 1000—61.40 acres at $1,300    81,120

   *Plaintiff's Valuation*

   Tax Lot 1000—58.9 acres at $700    41,230

3. *Higinbotham:*

   *Assessor's Valuation*

   Tax Lot 200—38.50 acres at $1,000    38,500
   Tax Lot 3300—34.26 acres at $1,000    34,260

   *Plaintiff's Valuation*

   Tax Lot 200—36 acres at $500    18,000
   Tax Lot 3300—34.26 acres at $550    18,843

The plaintiff Bohnert testified that in his opinion the true cash value of his property would be between $800 and $900 per acre. Evidence was received that the Bohnert lands were better farmlands than the others.

The Bohnert and Dunn properties are particularly good farm properties for raising crops. The Higinbotham place is the scene of one of the largest dairy herds in the area but it has some water problems because of the high water table. The Higinbotham land is more affected by the water table than the Dunn and Bohnert farms.

Testimony was introduced by both sides regarding the effect of several subdivisions located in the general area of all three properties but closer to the Dunn and Bohnert lands near Central Point. It is questionable whether these lands could presently or in the immediate future be used for subdivision purposes because of the lack of utilities and the problem with the high water table. In fact, one subdivision had been closed by the sanitation authorities because the water table created a septic tank problem.

The plaintiffs also criticize some of the sales used by the assessor in arriving at his determination of the value of plaintiffs' farms. It is true that some of the comparable sales used by the assessor consisted of parcels substantially smaller than plaintiffs' lands. One of the sales involved a farm which was purchased for subdivision purposes. The residual land value of other sales was different than that used by the assessor. In other instances the sales used by the assessor were valid comparable sales.

After consideration of all the evidence and viewing the property it is this court's conclusion that the

true cash value of the subject properties as of January 1, 1967, were as follows:

1. *Bohnert Properties:*
   *Tax Lot 200*

| | |
|---|---:|
| 2 acre homesite at $2,500 per acre | $ 5,000 |
| 1 acre creek channel at $250 | 250 |
| 57 acres farmland at $1,000 | 57,000 |
| Total | $62,250 |

   *Tax Lot 700*

| | |
|---|---:|
| 11.4 acres at $1,000 | $11,400 |
| 1.6 acres creek channel at $250 | 400 |
| Total | $11,800 |

2. *Dunn Properties:*
   *Tax Lot 1000*

| | |
|---|---:|
| 1 acre homesite at $2,500 | $ 2,500 |
| 0.5 acre creek channel at $250 | 125 |
| 58.9 acres farmland at $900 | 53,010 |
| Total | $55,635 |

3. *Higinbotham Properties:*
   *Tax Lot 200*

| | |
|---|---:|
| 1 acre homesite at $2,500 | $ 2,500 |
| 38.5 acres farmland at $700 | 26,950 |
| Total | $29,450 |

   *Tax Lot 3300*

| | |
|---|---:|
| 34.26 acres farmland at $700 | $23,982 |
| Total | $23,982 |

The order of the tax commission as to the true cash value of the properties is modified to the extent set forth above.