## WESTWARD PROPERTIES, INC. *v.*
## DEPARTMENT OF REVENUE

Russell M. Helterline, Black, Helterline, Beck & Rappleyea, Portland, represented plaintiff.

Alfred B. Thomas, Assistant Attorney General, Department of Revenue, Salem, represented defendant.

Decision in part for plaintiff and in part for defendant rendered August 4, 1969.

EDWARD H. HOWELL, Judge.

The issue in this case is the true cash value of 855 acres of land which the plaintiff has leased from the Port of St. Helens in Columbia County. The tax year is 1968-69.

The true cash value of $969,000 found by the assessor was approved by the tax commission. The plaintiff contends that the true cash value of the property is $607,900.

The plaintiff, a subsidiary corporation of Kaiser Industries, Inc., leased the property from the Port of St. Helens in August, 1967. The lease is for a term of 99 years and the plaintiff is obligated to pay $77,500 per annum for the first 30 years, but the rental thereafter is subject to renegotiation at ten-year intervals. The lease requires the plaintiff to pay the real property taxes.

The assessor arrived at his value of $969,000 for the land by capitalizing the rental at 6.5 percent and deducting $250,000 as the value of certain improvements, which are not included in the issues in this case.

Carl Trowbridge, a fee appraiser, testified as a witness for plaintiff. Mr. Trowbridge had been retained by the Port of St. Helens to conduct an appraisal of the subject property in 1967 to assist the Port in arriving at a reasonable rental for the property. As a result of his appraisal Mr. Trowbridge arrived at a true cash value of $900,000 for the property. Mr. Trowbridge testified that he did not know of certain engineering reports concerning the land which the plaintiff contends should reduce its value from the $900,000 value as found by Mr. Trowbridge. The plaintiff contends that subsequent studies show that portions of the land are subject to flooding and that soil studies indicate that heavier pilings would be needed for dock and warehouse construction than were originally anticipated. Mr. Trowbridge testified that if the subsequent studies were properly verified it would affect his original opinion of the valuation. However, he also testified that in his opinion the true cash value of the subject property was $900.000 as of January 1, 1968.

■ The evidence, particularly that of Mr. Trowbridge, does not justify any reduction in the true cash value of the property below $900,000 which Mr. Trowbridge found to be the value of the property in August, 1967, and which value was used by the Port in contracting with the plaintiff for the lease of the property.

■ The plaintiff contends also that the assessment is in violation of Art I, § 32, of the Oregon Constitution because the property was not assessed uniformly with other similar property in the area. In support of this argument the plaintiff introduced evidence of the valuation of three other properties in the area that were assessed at values substantially less than plaintiff's property. One of the parcels was extremely small in size, but assuming that the three properties were of comparable size and characteristics and entitled to be classified industrial property like the plaintiff's land, it would result in some inequality of assessment. However, arbitrary or systematic discrimination must be shown in order for plaintiff to claim a violation of the constitutional requirement of uniformity. See *Penn Phillips Lands v. Tax Comm.*, 247 Or 380, 430 P2d 349 (1967); *Penn Phillips, Inc. v. Commission*, 3 OTR 399 (1969); *Bohnert et al v. Commission*, 3 OTR 423 (1969); *Thomas v. Commission*, 3 OTR 333 (1968).

■ The mere fact that one or two other properties may be undervalued does not in itself justify a reduction of plaintiff's assessment to a value below true cash value. *Robinson v. State Tax Comm.*, 216 Or 532, 339 P2d 432 (1959).

The true cash value of plaintiff's property is set at $900,000 as of January 1, 1968.