# IN THE OREGON TAX COURT

Allan L. BENNETT
and Wanda M. Peterson

*v.*

## DEPARTMENT OF REVENUE

Dennis DAY,
*Intervenor*

(TC 2972)

Allan L. Bennett represented plaintiffs.

Joseph Laronge, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered January 8, 1991.

**CARL N. BYERS, Judge.**

This appeal concerns issues arising from the disqualification of designated forestland. Trial established the following facts:

In January, 1989, plaintiffs applied to the Polk County Planning Department to partition their 12.2-acre parcel into a 7.2-acre parcel and a 5-acre parcel.[1] The property is located in an exclusive farm/forest use zone. Plaintiffs' request for partitioning was tentatively approved, conditioned on complying with ORS 215.236(4)(a) and (b).[2] Accordingly, plaintiffs requested the assessor to disqualify the 5-acre parcel from designated forestland. The assessor questioned the accuracy of plaintiffs' legal description and asked the county surveyor if a legal description constituted a final survey. The surveyor replied it did not and indicated the taxpayers would eventually need a survey or a waiver. The assessor wrote plaintiffs that he did not want to disqualify the land until he was sure the legal description was correct. On April 12, 1989, plaintiffs responded that the assessor's request was inappropriate and premature. Plaintiffs requested the assessor to process their disqualification request "forthwith." On April 18, 1989, the assessor certified the property as disqualified. Due to plaintiffs' disagreement with the county surveyor, the partitioning was not finally approved and recorded until February, 1990.

**ISSUES**

The two issues before the court are: (1) Is the subject property assessed uniformly in compliance with the Oregon

---

[1] There is some question as to the total acreage, *i.e.,* Department of Revenue's witness viewed the parcel as 11.44 acres. The difference probably is that portion of Brown Road included in plaintiffs' measurements.

[2]

"The owner of a lot or parcel upon which the establishment of a dwelling has been tentatively approved as provided by subsection (3) of this section shall, before final approval, simultaneously:

"(a) Notify the county assessor that the lot or parcel is no longer being used as farmland; and

"(b) Request that the county assessor disqualify the lot or parcel for special assessment under ORS 308.370, 308.765, 321.352, 321.730 or 321.815."

Constitution; and (2) after the property was disqualified, when were the penalties to be added to the tax roll?[3]

## NONUNIFORMITY

 Untrained in the tax laws, plaintiffs relied on finding errors in the assessor's work to carry their burden of proof. As pointed out by the court, this is like constructing a house from the roof down rather than the foundation up. While it may be possible for a taxpayer to carry the burden of proof in this manner, it is undoubtedly more difficult. To prove a violation of the constitutional requirement of uniformity, plaintiffs must show more than underassessment of other property. Plaintiffs must show the differences are a result of "arbitrary or systematic discrimination." *Penn Phillips Lands v. Tax Com.*, 247 Or 380, 385, 430 P2d 349 (1967). Moreover, all that is required is "relative uniformity"; *i.e.*, assessments need be only reasonably proportionate to assessed values of similar properties in the county. *Robinson et ux v. State Tax Com.*, 216 Or 532, 536, 339 P2d 432 (1959).

The Department of Revenue's Opinion and Order No. 89-3484 set the value for the disputed 3.98 acre parcel at $9,830, or $2,469 per acre. Plaintiffs claim that the assessed value should be only $1,495 per acre. Plaintiffs compared their property to six 1-acre parcels which have assessed values of only $1,500 each. However, defendant's unrebutted testimony was that the circumstances surrounding the six 1-acre parcels raises serious questions as to their potential uses. They are not comparable to the subject property which has been approved as a rural residential site. Defendant's evidence showed rural residential sites have a true cash value averaging between $2,200 and $2,500 per acre. More important, such properties are assessed at those values.

It is not enough for plaintiffs to challenge the assessor's analysis of comparable sales. To win, plaintiffs' evidence must show that their position is the correct one. They did not do so. The court finds plaintiffs failed to prove their claim of nonuniform assessments.

---

[3] A third issue pertaining to claims for damages based on the assessor's behavior was stricken on motion by defendant Department of Revenue, a ruling plaintiffs acquiesced in.

## TIME WHEN TAX IS DUE

■ ■ ORS 321.359 provides that designated forestland shall be valued as such until the assessor removes the designation. One of the causes for removal is a request by the taxpayer. In that case, ORS 321.372 provides:

> "If and when the designation of forest land is removed pursuant to ORS 321.359 from any parcel of designated forest land, there shall be added to the tax extended with respect to such property *on the next tax roll* an amount equal to five times * * * the total amount by which the taxes assessed against the land would have been increased if it had been valued without such designation during the last year in which such designation was in effect for the land." (Emphasis added.)

Plaintiffs contend that, because their partition did not become final until February, 1990, the penalties should not have been added to the tax roll until the fall of 1990. Defendants' witness testified the tax rolls come into existence in October of each year.

The fallacy of plaintiffs' position is their assumption that disqualification does not occur until the partition is final. Whether the land was qualified does not depend on the status of the partition. To the contrary, the tentative approval for the partition was conditioned on establishment of the fact that the property had been disqualified. Plaintiffs sought partition of their land on the representation to the county that the land was not qualified for forestland use. Once that fact was established, the penalties followed regardless of the status of the partitioning. The court finds the assessor acted correctly in adding the penalties under ORS 321.372 to the tax roll created in October, 1989. Therefore, the department's Opinion and Order No. 89-3484 must be sustained. Judgment will be entered accordingly. Costs to neither party.