IN THE OREGON TAX COURT
MAGISTRATE DIVISION

Craig MYERS,
*Plaintiff,*

*v.*

MARION COUNTY ASSESSOR,
*Defendant.*

(TC-MD 000413B)

Craig Myers, Plaintiff, argued the cause *pro se.*

Richard Kreitzer and Jeff Proctor, Marion County Assessor's Office, argued the cause for Defendant.

Decision for Defendant rendered October 24, 2000.

**SALLY L. KIMSEY, Magistrate.**

This matter is before the court on Plaintiff's Motion for Summary Judgment. A case management conference was held June 27, 2000, in Salem, Oregon. Craig Myers appeared

for himself. Richard Kreitzer and Jeff Procter appeared for Defendant.

The property is identified in Marion County tax records as Account Number R93565.[1] The subject property was previously in forest deferral. Plaintiff, in his Motion for Summary Judgment, argues that the additional taxes imposed as a result of the disqualification should not be effective until tax year 2001-02.

## STATEMENT OF FACTS

The subject property is 19.78 acres. It had been in special assessment since 1993. On February 7, 2000, Plaintiff delivered a letter to Defendant stating his "intent to immediately remove [his] property in South Salem from forest deferral." Defendant inspected the property, noted that it did not have sufficient trees to qualify as forest deferral, and sent Plaintiff a letter disqualifying the property from forest deferral. That letter stated that, "$38,924.20 has been extended to the roll and will be due and payable November 15, 2000."

Plaintiff, a Department of Revenue employee, consulted with some of his colleagues[2] within a specialized section of the Property Tax Section of the Department of Revenue. He stated that his argument that disqualification should not be effective until tax year 2001-02 was based on their analysis and advice. He argued that the disqualification was based only on his notification to Defendant. *See* ORS 321.359(1)(b)(A). He further argued that when forestland is disqualified from special assessment because of a voluntary act of the property owner[3] and the disqualification occurs after the assessment date, the additional taxes are imposed not in the current tax year, nor in the upcoming tax year, but in the tax year following the upcoming tax year. In the present case, the disqualification occurred February 9, 2000, in

---

[1] The property is identified in Marion County tax records as tax lot number 83W16DD-100. Plaintiff mistakenly referred to the tax lot as the account number in his Complaint.

[2] Plaintiff mentioned the names of the colleagues he consulted with. The court did not note the names.

[3] Those acts are enumerated in ORS 321.359(1)(b)(A), (B), and (D).

tax year 1999-2000. The assessment date for tax year 1999-2000 was January 1, 1999. The upcoming tax year is 2000-2001. The tax year following the upcoming tax year is 2001-02.

Procter stated that Defendant disqualified Plaintiff's property from forest deferral based on the provisions of ORS 321.359(1)(b)(A) and (C). Whether disqualified under subsection (A) or (C), he argued that the additional taxes are properly imposed in tax year 2000-2001.

## ANALYSIS

■ ORS 321.359(1)(b) governs the removal of forestland designation. That statute provides:

"The county assessor shall remove the forestland designation upon:

"(A) Notification by the taxpayer to the assessor to remove the designation;

"(B) Sale or transfer to an ownership making it exempt from ad valorem property taxation;

"(C) Discovery by the assessor that the land is no longer forestland; or

"(D) The act of recording a subdivision plat under ORS chapter 92."

Removal of forestland designation under subsections (A), (B), or (D) is triggered by an act of the property owner. Disqualification under subsection (C) occurs after an act by the assessor.

The statute that governs the imposition of additional taxes when property is removed from forest deferral is *former* ORS 321.372 (1997).[4] That statute provides:

"If and when the designation of forestland is removed pursuant to ORS 321.359 from any parcel of designated forestland, the assessor shall notify the owner of the land and

---

[4] *Former* ORS 321.372 (1997), *repealed by* Or Laws 1999, ch 314, § 94, effective July 1, 2000. The statutes replacing *former* ORS 321.272 (1997) are encompassed in Oregon Laws 1999, chapter 314. Those statutes are effective for tax years beginning on or after July 1, 2000. Or Laws 1999, ch 314, § 96.

**there shall be added to the tax extended** with respect to such property **on the next tax roll** an amount equal to the difference between the taxes assessed against the land and the taxes that would otherwise have been assessed against the land had the land not been in forestland designation for each of the last five years * * * preceding the year in which the land was disqualified for such designation."

*Former* ORS 321.372(1) (1997) (emphasis added).

■     In *Bennett v. Dept. of Rev.*, 12 OTR 1 (1991), this court interpreted *former* ORS 321.372 (1987).[5] In *Bennett,* Plaintiffs applied to partition their land into two lots. Plaintiffs were required by statute to ask that the parcel with the proposed home-site be removed from forest deferral. The property was removed from forest deferral in April 1989. The partitioning of the total property was not approved and recorded until February 1990. *Id.* at 2. One of the issues for the court was when the additional taxes should be added to the roll. *Id.* at 3. The court found that the property was disqualified in April 1989. That was after the assessment date of January 1, 1989, for tax year 1989-90. The court held, "the assessor acted correctly in adding the penalties under ORS 321.372 to the tax roll created in October 1989." *Id.* at 4. In other words, "the next tax roll" of *former* ORS 321.372 (1987) was the upcoming tax year or tax year 1989-90.

■     Plaintiff urges that the operation of *former* ORS 321.372 (1997) in conjunction with *former* ORS 321.364 (1997)[6] argues for a different result. *Former* ORS 321.364 (1997) was enacted in 1993, after this court's decision in *Bennett. See* Or Laws 1993, ch 5, § 4. It applied only when the assessor discovered that land was no longer forestland. As

---

[5] The language of *former* ORS 321.372(1) (1987) is as follows:

"If and when the designation of forest land is removed pursuant to ORS 321.359 from any parcel of designated forest land, there shall be added to the tax extended with respect to such property on the next tax roll an amount equal to five times * * * the total amount by which the taxes assessed against the land would have been increased if it had been valued without such designation during the last year in which such designation was in effect for the land."

The above language is nearly identical to the language of *former* ORS 321.372(1) (1997).

[6] *Former* ORS 321.364 (1997), *repealed by* Or Laws 1999, ch 314, § 94, effective July 1, 2000.

long as the assessor notified the property owner by August 15, the removal of the land from forest deferral "shall occur as of the January 1 assessment date for the tax year in which the county assessor discovers that the land is no longer forestland." *Former* ORS 321.364(1) (1997). The effect of the statute would be that the additional taxes would be imposed in the upcoming tax year. Plaintiff argued there would be no need for *former* ORS 321.364(1) (1997), if "the next tax roll" referred to in *former* ORS 321.372(1) (1997) means the upcoming tax year. The court disagrees.

As noted above, *former* ORS 321.364(1) (1997) was enacted by the 1993 legislature. In 1993, the assessment date was July 1. The purpose of the statute was to "[g]ive[ ] assessor[s] additional time to discover a change in use of farm and forest land. Allows disqualification as of July 1 if assessor sends notification by following August 15." House Committee on Revenue and School Finance, SB 271, March 1, 1993, Ex 2 (Revenue Analysis of Proposed Legislation, prepared February 3, 1993). The problem arose in 1991 when the assessment date changed from January 1 to July 1. Tape Recording, Senate Committee on Revenue and School Finance, SB 271, Jan 28, 1993, Tape 19, Side A (statements of Jerry Hanson, Washington County Assessor and Ray Erland, Clackamas County Assessor).

The court finds the decision in *Bennett* controlling. The "next tax roll" referred to in *former* ORS 321.372(1) (1997) means the upcoming tax year. The additional taxes Plaintiff will owe are properly imposed in tax year 2000-2001.

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment is denied.